EMILIE C. SPRONG, Administratrix, etc., Respondent, *v.* THE
BOSTON AND ALBANY RAILROAD COMPANY, Appellant.

A brakeman in the employ of a railroad corporation, in the absence of
instructions to the contrary, cannot as matter of law be charged with
negligence or a violation of duty, in doing that which is in conformity
with the usual custom of brakemen, sanctioned by the chief officers and
agents of the corporation.

S., plaintiff's intestate, was a head brakeman in the employ of defend-
ant; he was killed by a collision, caused by defendant's negligence;
at the time he was riding upon the engine. In an action to recover
damages for his death, defendant offered in evidence its printed rules,
which provide that no brakeman shall be allowed to leave his post or be
in a car when the train is running, and the duty is enjoined upon the
conductor to see that brakemen are at their posts; what that post is
was not defined, no copies of the rules were furnished to brakemen,
and it did not appear that they were ever seen by the deceased or that
he had notice of their contents; it appeared that the duties of head
brakemen frequently required them to go upon the engine; that
it was the usual custom upon defendant's road for them to ride upon
the engine, and that defendant's head conductor of freight trains, and
assistant superintendent, saw head brakemen from time to time riding
upon the engine without objection. *Held*, that the non-observance by
deceased of rules of which it did not appear that he had notice was
not a violation of duty; that it could not be assumed without evidence
that his duty required him to be at all times at the brake, or at any
particular place upon the train, or that to be upon the engine in accord-
ance with a custom acquiesced in by his superiors was a violation
thereof; and that the evidence was sufficient to authorize the submis-
sion to the jury of the question whether deceased was rightfully upon
the engine when the accident happened, and to sustain a finding thereon
in favor of plaintiff.

(Argued May 27, 1874; decided June 9, 1874.)

APPEAL from judgment of the General Term of the
Supreme Court in the third judicial department, affirming a
judgment in favor of plaintiff, entered upon an order denying
motion for a new trial and directing judgment upon verdict.

This action was brought to recover damages for the death
of plaintiff's intestate, Charles H. Sprong, alleged to have
been caused by negligence of defendant.

Sprong was in the employ of defendant as head brakeman. On the morning of the 3d of February, 1870, before five o'clock, he left East Albany as head brakeman of a freight train of eleven or twelve cars, drawn by the engine Maine. With him on the train were the engineer, conductor and another brakeman. Another freight train of eighteen cars had preceded this one going east on the same morning, drawn by the engine Louisville, and having on it a conductor, engineer and two brakemen. A freight train of eighteen cars or more usually had three brakemen; this one had three provided for and assigned to it. The third one neglected to take his place on the train, and did not accompany it; he was not called, or did not hear the boy call him, and overslept, and the train was sent out without him by the train dispatcher. At or near Chatham the forward train broke in two, the detached portion, consisting of eleven cars, upon which was one brakeman, who testified that he applied brakes, ran back and collided with the train on which deceased was, and he was killed. Deceased and the conductor were both on the engine at the time of the collision. The collision occurred in a cut, on a curve and a heavy ascending grade east. The printed rules of the company provide that no brakeman shall be allowed to leave his post or be in a car when the train is moving, and the conductor is required to see that the brakemen are at their posts. The rules do not define the posts of brakemen and no evidence was given on that subject. Printed copies of the rules were furnished to engineers and conductors, but not to brakemen. It did not appear that they had ever been seen by Sprong or that he knew of their contents.

Evidence was offered on the part of plaintiff and admitted, under exception, to show that brakemen frequently rode on the engines of defendant and that it was the usual custom of the head brakemen, and that this had been done with the knowledge of the agents of the defendant, among others, the head conductor or dispatcher of freight trains and the assistant superintendent.

At the close of the testimony defendant moved for a non-suit on the ground, among others, that Sprong being on the engine in violation of his duty, this was contributory negligence which defeated a recovery. The motion was denied and defendant's counsel excepted. The jury rendered a verdict for the plaintiff. Exceptions were ordered to be heard at General Term at first instance.

*George W. Miller* for the appellant. Plaintiff's intestate was guilty of contributory negligence, and the motion for nonsuit should have been granted. (49 N. Y., 535.) The court erred in receiving in evidence the opinions of witnesses as to the effect of cold weather upon brakemen upon the top of cars. (*Teal* v. *Barton,* 40 Barb., 137; *Keller* v. *N. Y. C. R. R. Co.,* 24 How., 184.)

*Samuel Hand* and *Matthew Hale* for the respondent. Plaintiff's intestate being in the habit of going on the engine with the knowledge of defendant's agents and without objection, his being there was not negligence. (*Caldwell* v. *Murphy,* 1 Duer, 233; affirmed, 1 Kern., 416; *Willis* v. *L. I. R. R. Co.,* 32 Barb., 398; affirmed, 34 N. Y., 670; *Clark* v. *Eighth ave. R. R. Co.,* 32 Barb., 657; affirmed, 36 N. Y., 135; *Colgrove* v. *N. Y. and H. R. R. Co.,* 6 Duer, 382; affirmed, 20 N. Y., 492; *Messel* v. *Lynn, etc., R. R. Co.,* 8 Al., 234; *Keith* v. *Pinkham,* 43 Me., 501; *Carroll* v. *N. Y. and N. H. R. R. Co.,* 1 Duer, 571; *Edgerton* v. *N. Y. and N. H. R. R. Co.,* 35 Barb., 193; affirmed, 39 N. Y., 227; *O'Donnell* v. *A. V. R. R. Co.,* 59 Penn. St., 239.) Defendant's negligence having caused the injury, it is not a defence that the negligence of a fellow servant contributed to it. (S. & R. on Neg., § 89; *Cagger* v. *Taylor,* 10 Gray, 274.)

ANDREWS, J. In *Flike, Administrator,* v. *The Boston and Albany Railroad Company* (53 N. Y., 549), which was also an action against the defendant in this action to recover

damages for the defendant's negligence in causing the death of the plaintiff's intestate, a fireman on the same train on which Sprong, the plaintiff's intestate in this action, was, and who was killed by the same collision, two questions, also involved in this case, were decided : First, that the evidence justified the jury in finding that the corporation, defendant, was guilty of negligence in sending out the first train with an insufficient number of brakemen; and, second, that although the co-servants of the deceased may have been guilty of negligence which contributed to produce the injury, that fact did not exempt the defendant from liability, assuming that the jury should find that there was negligence on the part of the corporation in the respect mentioned, without which the injury complained of would not have happened. (See, also, *Cayzer* v. *Taylor*, 10 Gray, 274.)

The only question presented in this case, not involved in the case of *Flike, Administrator, etc.*, is that of contributory negligence on the part of Sprong, the plaintiff's intestate, which, it is claimed, consists in the fact that at the time of the injury he was upon the engine, and not at his post of duty. The persons upon the engine were, under the circumstances of this collision, exposed thereby to greater peril and danger there than if they had been elsewhere upon the train, and it is probable, from the evidence, that if Sprong had been upon the cars, near the brakes, and not upon the engine, he would have escaped uninjured. But it is not claimed that if Sprong had been at the brake he could have prevented or diminished the force of the collision. It was conceded substantially by the plaintiff's counsel, upon the argument, that if Sprong was, at the time of the injury, without right and in violation of his duty, upon the engine, he was chargeable with negligence which would defeat the action. The judge, at the trial, submitted it to the jury to find whether the deceased was rightfully upon the engine when the injury happened, and, in being there, was acting in the line of his duty; and this issue having been found for the plaintiff, the finding is conclusive, if the evidence justified it, or, unless

the proof to the contrary was so strong and convincing that although there might be a *scintilla* of evidence in favor of the verdict, no reasonable mind could doubt or hesitate in reaching an opposite conclusion.

This court does not review the finding of a jury upon questions of fact, which appear by the evidence to have been controverted upon the trial, where the controversy was actual and substantial, and not colorable and formal merely.

We cannot say that there was no evidence which justified the jury in finding for the plaintiff upon this issue. The position of Sprong was that of head brakeman, but it does not appear that his duties were defined in the contract of employment. The name of *brakeman* indicates the general nature of his duty; but it cannot be assumed, without evidence, that it required him at all times to be at the brake, or at any particular place upon the train, or that he could not be upon the engine without a violation of duty.

The printed rules introduced in evidence by the defendant provide that no brakeman shall be allowed to leave his post, or be in a car when the train is running; and the duty is enjoined upon the conductor to see that brakemen are at their posts. What the *post* of the brakeman is is not defined by the rules. Copies of them were furnished to conductors and enginemen but not to the brakemen, and there is no evidence that they were at any time seen by Sprong, or that he had notice of their contents. The non-observance by Sprong of these rules was not a violation by him of his duty unless he was apprised of them.

The proof shows that the head brakeman is subordinate to and under the control of the conductor and engineman. His duties frequently require him to go upon the engine. At the time of the collision Sprong was there, not engaged in any service which required his presence, nor was he there by direction of the engineman or conductor. But several witnesses testify that it was the usual custom for the head brakeman to ride upon the engine; and an engineer who had been for eight years upon the road states that this was the

uniform practice, and adds: "It is usually conceded that a man (there) can get to the brake." Sprong was authorized to infer from the long continued practice of persons in the defendant's employment, similarly situated, to ride upon the engine, and from the acquiescence of his superiors in. that practice, that it was allowed.

It is probable that a rule prohibiting the practice would be a proper regulation and a protection against accidents; but Sprong, in the absence of instructions to the contrary, cannot, in law, be charged with negligence or a violation of duty in doing what was in conformity with the usual custom of brakemen, sanctioned by the chief officers and agents of the corporation. The evidence that Rockafeller, the head conductor of freight trains, and Chapin, the assistant superintendent, saw head brakemen from time to time riding upon the engine, and made no objection, was in the view suggested competent.

The judgment should be affirmed.

All concur, except GROVER, J., not voting.

FOLGER, J., concurred on ground that the case of *Flike* v. *Boston and Albany Railroad Company* (53 N. Y., 549) had settled that defendant was negligent, and that, under the testimony, the question of contributory negligence, on the part of deceased, was one for the jury.

Judgment affirmed.