trary direction. Of this change, the intestate was given no notice. The morning was foggy, and the ordinary warning from the rumble of the train was diminished by the noise of the freight train on the other railroad. Of all these circumstances the engineer had knowledge, and that knowledge increased his duty of vigilance. His failure to see intestate must be ascribed to either an obstructed vision, by reason of the fog, or a lack of diligence in keeping a lookout ahead; and, under either circumstance, together with the failure to give any signals, it seems clear that a case was made requiring the submission of the negligence of the engineer, under the circumstances, to the jury as one of fact. Di Sario v. N. Y., O. & W. R. R. Co., 142 App. Div. 159, 126 N. Y. Supp. 984.

[4] The negligence, if any, of the engineer is imputable to the defendant. Sereno v. D., L. & W. R. R. Co., 145 App. Div. 136, 129 N. Y. Supp. 159.

It may be that with the evidence of both sides in the case, the weight of the evidence will be such as to require a verdict for plaintiff to be set aside. But that question is not here on this record.

[5] Having reached the conclusion that there is some evidence justifying the inference of negligence for which the defendant is responsible, the case should have been submitted to the jury under the doctrain of McDonald v. Met. Ry. Co., 167 N. Y. 66, 60 N. E. 282, since followed by many similar holdings.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

(159 App. Div. 298.)

GRECO v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department. November 28, 1913.)

1. CARRIERS (§ 344*)—INJURIES TO PASSENGER—CONTRIBUTORY NEGLIGENCE—PRESUMPTIONS.

The boarding of a moving railroad train is presumptively negligent.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1399; Dec. Dig. § 344.*]

2. CARRIERS (§ 346*)—INJURIES TO PASSENGER—EVIDENCE—CONTRIBUTORY NEGLIGENCE.

Evidence, in an action by a railroad employé for injuries in boarding a train moving at from 2½ to 3 miles an hour, *held* not to sustain a finding that plaintiff was free from contributory negligence in boarding the moving train.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1401; Dec. Dig. § 346.*]

Appeal from Trial Term, Queens County.

Action by Carmine Greco against the Long Island Railroad Company. From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

John J. Graham, of New York City (Henry A. Uterhart, of New York City, on the brief), for appellant.

Robert H. Roy, of Brooklyn, for respondent.

JENKS, P. J.  This is a common-law action by a servant against a master, that works a steam surface railway, for negligence in failure to afford the servant a reasonable opportunity to board a moving train. It is charged that while the servant was in the act the speed of the train was increased with a "jerk," so that he was thrown from the platform of a car of the train to the ground. The servant, who was a watchman at the crossing on the defendant's line, regularly traveled on this train, using a pass, to his place of work. The jury returned its verdict in his favor, and the defendant appeals.

[1] In my opinion, the plaintiff did not sustain the burden of the evidence upon the issue of contributory negligence. I think that it is the law of this state that the boarding of a moving train of railway cars is presumptively negligent. Solomon v. Manhattan R. Co., 103 N. Y. 437, 9 N. E. 430, 57 Am. Rep. 760. In the absence of any evidence to relieve the plaintiff from the application of such presumption, he could not recover. See Wigmore on Evidence, § 2491; Chamberlayne's Modern Law of Evidence, §§ 1017, 1018, 1019; Alabama Great So. R. R. Co. v. Taylor, 129 Ala. 238, 245, 29 South. 673; Lawson, Presumptive Evidence, p. 660 et seq. Gray, J., in Hunter v. C. & S. V. R. R. Co., 126 N. Y. 18, 23, 26 N. E. 958, 960 (12 L. R. A. 429) says:

"To alight from, or to board, a train in motion, is a negligent and hazardous act, which can only be made to appear excusable when, in the situation of the person, he is under such coercion of circumstances as to raise a fair question as to whether he was really in the free possession and use of his faculties and judgment. Solomon v. Manhattan R. Co., 103 N. Y. 437 [9 N. E. 430, 57 Am. Rep. 760]."

See, too, opinion of Andrews, J., in Solomon's Case, supra, 103 N. Y. page 443, 9 N. E. 430, 57 Am. Rep. 760.

The plaintiff's case does not excuse him within this rule. His version may be summarized as follows: He could not arrive at the station to take this particular train, and therefore he sought, of his own free will, to board it at a grade crossing where it did not usually stop. He stood at a point of safety and attempted to stop the approaching train by a signal of drawing his hand across his chest, directed to the engineer, when the approaching train was 30 or 40 feet distant. At that time the speed of the train was 8 or 9 miles an hour, but after this signal and as it came to the crossing the speed was reduced to 2½ or 3 miles an hour, and was continued at that rate until the plaintiff attempted to board the third car of the train, when the speed was accelerated with a jerk that caused the accident. Plaintiff expected that his signal would stop the train, but perceived that the train kept on its way. The engineer of the locomotive smiled at the plaintiff as his train approached, and hailed him with the cry of, "Hello, Wappo."

There was no "coercion of circumstances" upon him that freed him from the penalty of a presumptively negligent act. The learned coun-

sel for the respondent relies upon Distler v. Long Island R. Co., 151 N. Y. 424, 45 N. E. 937, 35 L. R. A. 762. In that case a divided court did say in the prevailing opinion that the decision in Hunter's Case, supra, went to the "fullest limit." But examination of the opinion shows that the judgment was reversed because affirmance required a holding that it was negligence per se to step upon a train moving at the rate of 2 to 3 miles an hour. There was another ground of reversal, namely, that the boarding of the train was not the direct and proximate cause of the accident, inasmuch as the plaintiff had gained the platform before the alleged negligent act was done. And, moreover, the court laid stress upon the express invitation of the conductor, who it said was in entire charge of the train as representative of the defendant. I think that Gray, J., has stated accurately the force and effect of the decision in Solomon's Case, and I find that Solomon's Case is recognized as the law in Mearns v. Cent. R. R. Co. of N. J., 163 N. Y. 108–111, 57 N. E. 292, in Bartle v. N. Y. C. & H. R. R. R. Co., 193 N. Y. 362–366, 85 N. E. 1091, and in Newmark v. N. Y. C. & H. R. R. R. Co., 127 App. Div. 58 and 62, 111 N. Y. Supp. 379. Indeed, Distler's Case, as I read it, is not contradictory of Solomon's Case, for Distler's Case denies that the boarding of a train when moving at the rate of 2 to 3 miles an hour is negligence per se, while Solomon's Case asserts the general proposition that to board a moving train is presumptively negligent. As I do not decide that the plaintiff was negligent per se, I am not insubordinate to the authority of Distler's Case.

[2] As the proof was not sufficient to support a verdict which involved a finding of freedom from contributory negligence, a new trial should be granted.

The judgment and order are reversed, and a new trial is granted; costs to abide the event.

BURR and PUTNAM, JJ., concur. CARR and STAPLETON, JJ., concur in result.