FLOYD KENT, Appellant, *v.* ERIE RAILROAD COMPANY, Respondent.

Master and servant — railroads — injury to brakeman sent back to flag approaching train while jumping on freight train running in direction that he was required to go — evidence that it was custom of brakemen to board moving trains in such circumstances — questions of fact — erroneous instruction that if plaintiff was not required, in discharge of his duties to board such train, he cannot recover.

Plaintiff, a brakeman on a gravel train, went back to flag an approaching train. A freight train, proceeding in the direction plaintiff had to go, came along at a speed of about eight miles an hour. About the middle of the train plaintiff saw a car with a low step, and, grabbing an iron on the side of the car called a "handhold," and taking hold of another "handhold" higher up, commenced to pull himself up. As he did so this handhold came loose and he fell between the tracks and his left foot was crushed under the wheels of the car. Defendant denies that there was any defect in the "handhold" or that it was loose. On the trial plaintiff and other employees of defendant testified that it was the custom of defendant's brakemen, when sent back to flag trains, to ride on freight trains going in the direction that they were required to go. No evidence was offered by defendant to contradict the evidence as to the custom of brakemen in boarding moving cars and the defendant had no express rule against such practice. The trial court correctly submitted to the jury two questions of fact: Whether, if it was the custom of brakemen with the approval of defendant, express or implied, to jump upon moving cars as plaintiff did, plaintiff was negligent in so doing, and whether, if the "handhold" was loose as claimed by plaintiff, the defendant was guilty of negligence in failing to discover the defect, under the rule declared by the Railroad Law (Cons. Laws, ch. 49, § 64). After submitting these questions to the jury the court at the request of defendant charged, "that if the plaintiff was not required, in the discharge of his duties to the defendant to board such train, he cannot recover." *Held*, error, that such instruction was in effect a direction to the jury to find in favor of the defendant.

*Kent* v. *Erie R. R. Co.*, 158 App. Div. 951, reversed.

(Argued January 31, 1916; decided February 29, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 30, 1913, affirming a judgment in favor of defendant entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Hubert C. Minard* and *Harry D. Williams* for appellant. It was reversible error for the court to charge the jury that "if the plaintiff was not required in the discharge of his duties to the defendant to board such train, he cannot recover." (*Noonan* v. *N. Y. C. & H. R. R. R. Co.*, 42 N. Y. S. R. 41; 131 N. Y. 594; *Sprong* v. *B. & A. R. R. Co.*, 58 N. Y. 56; *Butler* v. *N. Y. & Queens Co. R. R. Co.*, 42 App. Div. 280; *Whitey* v. *Queen City Ice Co.*, 49 App. Div. 485; *Muhlens* v. *Obermeyer & Liebmann*, 83 App. Div. 88; *Hose* v. *E. G. El. Co.*, 161 N. Y. 35; *Muller* v. *Oakes Mfg. Co.*, 113 App. Div. 689; *Dempsey* v. *N. Y. C. & H. R. R. R. Co.*, 81 Hun, 156; *Driscoll* v. *Newark & R. Co.*, 37 N. Y. 637.) The evidence establishes a defect in the handhold for which the defendant was responsible. (Cons. Laws, ch. 49, § 42a.)

*John W. Ryan* for respondent. The trial court committed no error when it charged the jury that the plaintiff could not recover, unless in the discharge of his duties to the defendant he was required to board the train. (*Burns* v. *O. S. I. & M. Co.*, 188 N. Y. 175; *Connell* v. *N. Y. C. & H. R. R. R. Co.*, 213 N. Y. 352.) A nonsuit should have been granted for the reason that the evidence fails to show negligence on the part of the defendant. (*Hudson* v. *R., W. & O. R. R. Co.*, 145 N. Y. 408; *Fealy* v. *Bull*, 163 N. Y. 397; *Dougherty* v. *Milliken*, 163 N. Y. 527; *Welch* v. *Cornell*, 168 N. Y. 508.)

CHASE, J. In June, 1909, the Erie Railroad Company was engaged in raising its roadbed and putting in a

side track in Livingston county on its line between the cities of Hornell and Buffalo. For the purpose of doing that work, dirt and gravel were brought by means of a gravel train and deposited between the two main tracks of said railroad. The plaintiff was employed as a brakeman on such gravel train. He had been employed as a brakeman by the defendant prior to June, 1909, for a time aggregating about fourteen months. On the morning of June 15 such gravel train stood on the eastbound track at a point south of a highway crossing known as Hunt's Crossing. One Childs was the conductor on the train and he directed the plaintiff to go back on the track toward Buffalo and flag approaching trains. A rule of the defendant requires: "When a flagman is sent out to signal an approaching train he is forbidden to stop on a curve or behind any obstruction but is required to endeavor to reach a position where he can be clearly seen from the approaching train for at least one-quarter of a mile." The plaintiff testified in substance that it was necessary in obedience to that rule to go back from the gravel train about one-half a mile and that he started back as directed by the conductor. When he reached Hunt's Crossing, which was about seventy-five yards northerly of the gravel train, a freight train came along on the west-bound track proceeding in the direction that he was going. The freight train consisted of two engines and about fifty freight cars and was going about eight miles an hour. For the purpose of obtaining a ride on such train to the place where he had to go, he watched the cars as they passed to select one easy to board. About the middle of the train he saw a car with a low step and he grabbed an iron on the side of the car known as a "handhold" with his left hand and another similar handhold higher up on the car with his right hand and at the same time put first his left foot and then his right foot on the iron step hanging from the bottom of the car and commenced to pull himself to an upright position along

the side of the car. He further testified that as he did so one end of the upper handhold came loose and he was thereby unable to maintain his hold and fell upon the dirt and gravel between the tracks. His left foot was crushed under the wheels of the car so that it had to be amputated. The defendant denied that there was any defect in the handhold or that it had become loose.

According to the testimony of the plaintiff it was the custom of defendant's brakemen when ordered to go back to flag trains to ride on freight cars when they happened at such time to be going in the direction that the brakeman was required to go. He further testified that he had so boarded cars many times when the conductor of his train was present and saw him, or could have seen him. He further testified that he had seen other brakemen so ride on freight cars when they were going back to flag trains.

Another brakeman who had worked for the defendant for more than three years testified that when he was required to go back to flag trains and another train came along going in his direction it was his custom to board it provided it was not going more than eight or ten miles an hour and that he had seen other brakemen so board a train " a good many times." He further testified that he had seen Conductor Childs board an engine when going in the direction that he wanted to go.

No evidence was offered by the defendant to contradict the evidence presented by the plaintiff in regard to the custom of brakemen in boarding moving cars and the defendant had no express rule against such practice. If with the approval of the defendant, express or implied, it was the custom of its brakemen in going back to flag approaching trains to jump upon freight cars, as the plaintiff did in this case, and ride thereon, when a train going in the same direction happened along at the time, it was for the jury to say whether such act was negligence on his part under all of the circumstances shown

at the trial. (*Whittaker* v. *N. Y. C. & H. R. R. R. Co.*, 153 App. Div. 934; affirmed, 209 N. Y. 511; *Curran* v. *Lake Champlain & M. R. R. Co.*, 211 N. Y. 60; *Sprong* v. *B. & A. R. R. Co.*, 58 N. Y. 56; *Muhlens* v. *Obermeyer & Liebmann*, 83 App. Div. 88; *Muller* v. *Oakes Mfg. Co.*, 113 App. Div. 689.) The question of the plaintiff's contributory negligence in this case was for the jury.

It was also a question of fact under section 64 of the Railroad Law (Cons. Laws, ch. 49; Laws of 1910, chapter 481, formerly § 42-a, added by Laws of 1906, chapter 857) as to the defendant's negligence. That section of the Railroad Law, so far as material, is as follows: " * * * If an employee, engaged in the service of any such railroad corporation, * * * shall receive any injury by reason of any defect in the condition of the ways, works, machinery, plant, tools or implements, or of any car, train, locomotive or attachment thereto belonging, owned or operated, or being run and operated by such corporation * * * when such defect could have been discovered by such corporation * * * by reasonable and proper care, tests or inspection, such corporation * * * shall be deemed to have had knowledge of such defect before and at the time such injury is sustained; and when the fact of such defect shall be proved upon the trial of any action in the courts of this state, brought by such employee or his legal representatives, against any such railroad corporation * * * on account of such injury so received, the same shall be *prima facie* evidence of negligence on the part of such corporation. * * *."

That section is applicable to this case, and when it is applicable it should have a construction liberal and commensurate with its purpose. (*Utess* v. *Erie Railroad Co.*, 204 N. Y. 324.)

Proof of the defect is not conclusive evidence against the corporation but the presumption should be taken with all the other proof in the action, and when upon all of the evidence it appears that the defect could have

23

been discovered by the corporation, by reasonable and proper care or inspection, the corporation is liable for damages by reason of the injury. (*Whittaker* v. *N. Y. C. & H. R. R. R. Co., supra; Larson* v. *Nassau El. R. R. Co.*, 165 App. Div. 887.)

The trial justice in his main charge left the questions of fact to the jury. In doing so, among other things, he said: "You will have in mind what the duties of the plaintiff were, what he was expected to do and how necessary it was to reach his destination for the purpose of performing his service as flagman, whether or not those duties, and those things that were expected of him, were of such a character, that you can say, as reasonably prudent men, that the plaintiff did, under those circumstances, exercise prudence, and care, and reason, and sense, in undertaking to board the train."

Just before the jury retired counsel for the defendant asked the court to charge as follows: "I ask your honor to charge the jury that if the plaintiff was not required in the discharge of his duties to the defendant, to board such train he cannot recover." The court so charged and counsel for the plaintiff excepted. This charge supplementing the charge already made was clearly erroneous as it is not claimed that the plaintiff was required to board the freight train as he states. The plaintiff's claim is that in view of the practices of the defendant's brakemen, it was not negligence as a matter of law for him to so board the train. The charge that the plaintiff could not recover unless the jury found that he was required in the discharge of his duties to board the train was in effect a direction to the jury to find in favor of the defendant.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Hiscock, J. (dissenting). I dissent from the opinion for reversal of the judgment appealed from on the ground

that error was committed by the trial court in its charge.

The train which plaintiff attempted to board was moving at the rate of eight miles an hour. The lack of facilities for boarding the car made the operation especially hazardous. There were no convenient railings for him to take hold of and no steps or running board which might furnish a safe foothold. He was attempting to catch on the moving train by appliances which in effect simply constituted a ladder for climbing to the top of the train. Under these circumstances his act constituted contributory negligence as a matter of law unless it was excused or justified by surrounding and special circumstances. It is settled in this state that an attempt of a party to enter upon or disembark from moving cars is presumptively an act of negligence which bars a recovery unless justified by adequate circumstances. (*Solomon* v. *Manhattan Ry. Co.*, 103 N. Y. 437; *Hunter* v. *Cooperstown & S. V. R. R. Co.*, 112 N. Y. 371; *Distler* v. *L. I. R. R. Co.*, 151 N. Y. 424.)

While the foregoing cases involve the consideration of the conduct of passengers, the same rule is, I believe, applicable to the cases of employees and the decisions allowing recoveries by plaintiffs injured while jumping on or off moving cars disclose in each case that such act was justified by special circumstances as that it was ordered by a superior or requisite to the proper discharge of the duties devolved upon the employee. (*Greco* v. *L. I. R. R. Co.*, 159 App. Div. 298; *Donahue* v. *B. & M. Railroad*, 178 Mass. 251, 253; *Choctaw, O. & G. R. R. Co.* v. *Tennessee*, 191 U. S. 326.)

The plaintiff attempted to bring himself within the exceptions by introducing evidence that other men who were going back to give signals had caught rides on freight trains moving in the direction in which they were going, and wherefrom he desired to have it inferred that that was a proper thing for him to do in the course

of his duties. This must have been the object of the evidence for I am unable to find any case where it has ever been held that an employee was excused from the charge of contributory negligence in performing some act inherently dangerous not connected with the discharge of his duties because the employer had not prevented other men from doing the same thing. The contrary has been held. (*Novock* v. *Mich. Cent. Ry. Co.*, 29 N. W. Rep. [Supreme Court of Michigan] 525, 527.)

The trial court gave the plaintiff the benefit of this claim and theory and charged the jury: "You will have in mind what the duties of the plaintiff. were, what he was expected to do, and how necessary it was to reach his destination for the purpose of performing his services as flagman, whether or not those duties, and those things that were expected of him were of such a character that you can say, as reasonably prudent men, that the plaintiff did, under those circumstances, exercise prudence, and care, and reason, and sense, in undertaking to board the train."

The effect of this charge, as I understand it, was that the jury were to say whether the character of plaintiff's duties was such that it was justifiable for him to undertake to board the train. The trial judge then, in response to defendant's request, made the charge which it is thought by the majority of the court constituted such important error that the judgment ought to be reversed. He charged "that if the plaintiff was not required, in the discharge of his duties to the defendant, to board such a train he cannot recover." The prevailing opinion seems to consider this charge as meaning that unless the jury should find that his duties absolutely compelled him to board the train to the exclusion of any other method of performing them he could not recover. I do not read it that way, and it does not seem to me that such is its reasonable meaning. In accordance with the well-established meaning of the language used the charge seems

to me simply to mean that if the act of the plaintiff was not needed, justified or appropriate in the reasonable performance of his duties, which had been defined in the prior charge, then an excuse for his hazardous act did not exist and he could not recover. The thought which was being emphasized was that his duties might be an excuse for what was otherwise an unjustifiable act. In the first charge the judge defined what might be found as an excuse. In the second charge he in effect instructed the jury that if the excuse thus defined did not exist plaintiff could not recover. The same or equivalent language has been used elsewhere in measuring the excuse which would justify an attempt to jump on a moving train.

In *Solomon* v. *Manhattan Ry. Co.* (*supra*) Judge Gray said (p. 443): "there must be a coercion of circumstances which did not leave the passenger in the free and untrameled possession of 'his faculties and judgment."

In *Donahue* v. *B. & M. R. R. Co.* (*supra*) the court assumes as the very basis for its discussion of the question of plaintiff's contributory negligence (p. 254) the admission of the defendant that "in the course of his duty he was required to get on the engine while in motion."

It seems to me that the charge as a whole fairly defined plaintiff's rights and that the judgment should not be reversed because of a too narrow meaning attached to a single word, and which word in connection with all else that·was said ·could not have misled the jury.

Collin, Hogan, Cardozo and Seabury, JJ., concur with Chase, J.; Hiscock, J., reads dissenting opinion, and Willard Bartlett, Ch. J., concurs.

Judgment reversed, etc.