Appeal from Special Term, Kings County.

Suit by Lillian Mae Tiedeman against William Carl Tiedeman. From an order denying application for refund of a deposit, defendant appeals. Reversed, and application granted.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLE-TON, and PUTNAM, JJ.

Adolphus D. Pape, of New York City, for appellant.
J. T. Goldberg, of New York City, for respondent.

STAPLETON, J.   A wife sued her husband for a separation. She procured an order of arrest granted by the court.   The order was executed.   The defendant deposited with the sheriff the sum specified in the order and was thereupon discharged.   The sheriff paid the deposit into court.   Final judgment for the defendant was rendered. The defendant applied for an order refunding the deposit.   His application was denied.   The Code provision is plain:

"If the final judgment is for the defendant, * * * the sum deposited, and remaining unapplied, must be refunded to the defendant or his representative." Section 585, Code of Civil Procedure.

The plaintiff's attorney deposes she instructed him to appeal from the judgment.   The circumstance that she did appeal would be immaterial.   The final judgment contemplated by the Code section cited has been rendered.   See Wilson v. Ryder, 11 N. Y. St. Rep. 279.

The order should be reversed, and the application granted.

Order reversed, without costs, and application granted. All concur.

---

(174 App. Div. 876)

### GRECO v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department.   June 29, 1916.)

MASTER AND SERVANT ⬤=89(1)—INJURIES TO SERVANT—INJURIES IN COURSE OF EMPLOYMENT

A railroad employé, who was not discharging any duty of his employment when he boarded the railroad's moving train, unlike flagmen and brakemen, whose particular service makes the boarding of trains a practice known to and sanctioned by the railroad company, could not recover against the road for injuries sustained in boarding a train.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 153; Dec. Dig. ⬤=89(1).]

Appeal from Trial Term, Queens County.

Action by Carmine Greco against the Long Island Railroad Company.   There was judgment dismissing the complaint, and plaintiff appealed.   On reargument.   Judgment affirmed.

See, also, 159 App. Div. 298, 144 N. Y. Supp. 240.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLE-TON, and PUTNAM, JJ.

Thornton J. Theall, of New York City, for appellant.
Alfred A. Gardner, of New York City, for respondent.

PER CURIAM. Judgment affirmed on reargument, with costs. Kent v. Erie R. R. Co., 217 N. Y. 349, 111 N. E. 1071, is distinguishable. When boarding defendant's train, Greco was not then discharging any duty of his employment. His action, therefore, was unlike the instances of flagmen or brakemen whose particular service makes boarding of moving trains a practice known to, and sanctioned by, the railroad company.