WILLIAM S. RILEY, Plaintiff, *v.* HENRY M. WOOD, Defendant.

Supreme Court, Monroe County, January 23, 1931.

*Charles B. Bechtold,* for the plaintiff.

*Webster, Straus & Lamb,* for the defendant.

RODENBECK, J.   Section 211-a of the Civil Practice Act permits of a contribution where a judgment has been recovered against joint tort feasors. (*Price* v. *Ryan,* 255 N. Y. 16.)   Otherwise the common-law rule of liability has not been changed.   (Id.)   Section 193, subdivision 2, permits the joinder of a person as a defendant where such person " is or will be liable to such party wholly or in part for the claim made against such party in the action."

These provisions of the Civil Practice Act should be given a liberal interpretation to carry out the purpose of the Legislature, which, apparently, was that where a plaintiff had not joined joint tort feasors, one of them might apply to have his joint tort feasor brought in as a defendant, in order to take advantage of the contribution provided for by section 211-a of the Civil Practice Act, in case a joint judgment is recovered.

All that *Price* v. *Ryan* holds is that the right to contribution which did not exist at common law, has been changed, only, in a case where a money judgment has been recovered against joint tort feasors.

Where the facts show the probability of a liability on the part of the proposed defendant, either individually or jointly, with another defendant, he should be brought in.   This interpretation will be in the interests of justice, and there is no reason for deviating from the general rule laid down in *Haines* v. *Bero Engineering Construction Corp.* (230 App. Div. 332).

Motion granted, without costs.

So ordered.