SAMUEL DAVIS, as Administrator, etc., of ALEXANDER S. DAVIS, Deceased, Respondent, v. HAUK & SCHMIDT, INC., Appellant, Impleaded with CHARLES GEISER, Defendant.

First Department, June 12, 1931.

*James M. Baird* of counsel [*Alfred W. Andrews,* attorney], for the appellant.

*E. Edan Spencer,* for the respondent.

SHERMAN, J. Plaintiff's decedent, while a passenger in a motor vehicle operated by one Herman Weiss, was killed in a collision between that vehicle and the motor vehicle owned by the defendant Hauk & Schmidt, Inc., and driven by its chauffeur, the defendant Geiser.

Plaintiff's complaint charges that the accident was due to the negligence of the above-mentioned defendants, and that the deceased was free from any contributory negligence. The appellant served its answer, in which it denied the material allegations of the complaint and alleged that the accident was due to the negligence of plaintiff's intestate.

Issue was joined on July 25, 1930. About six months thereafter appellant moved for an order directing that Weiss, the operator of the car which collided with appellant's truck, be made a codefendant and that a supplemental summons, directed to him, issue and appellant be permitted to serve an answer with a cross-complaint as against Weiss. Notice of this motion was given to Weiss, as well as to the plaintiff. Weiss defaulted, but plaintiff opposed the motion which was denied by the learned Special Term because of the appellant's delay in making the motion.

The moving affidavit sets forth allegations tending to show that the accident was caused, in part at any rate, by the negligence of Weiss in driving the automobile in which the deceased was a passenger, so that it collided with the defendant's truck at or near the intersection of One Hundred and Seventy-first street and Morris avenue, in the borough of The Bronx.

The motion should not have been denied on the ground of laches, for the delay was insufficient to preclude consideration of the application upon the merits.

This motion proceeds under sections 192 and 193 of the Civil Practice Act (section 193 as amd. by Laws of 1923, chap. 250). These provisions were adopted to dispense with multiplicity of actions and to aid the courts in disposing of litigation by furnishing a means of trial of all issues between persons interested in the subject in litigation whenever the procedure can be followed without prejudice to the substantial rights of any party. " Where it appears that the administration of litigated business may be promoted

without too great a sacrifice of plaintiff's rights, parties will be brought in on defendant's motion." (*Greenhouse* v. *Rochester Taxi-cab Co.*, 218 App. Div. 224, 227; *Sherlock* v. *Manwaren*, 208 id. 538, 541; *Travlos* v. *Commercial Union of America, Inc.*, 217 id. 352.)

These provisions of the Civil Practice Act when enacted were designed not only to aid in disposing of equity cases but also of causes in which the party sought to be interpleaded was actually responsible for the act which charges the defendant with liability. An instance is found in *Travlos* v. *Commercial Union of America, Inc.* (*supra*), where the third party was the active agent upon whom defendant relied in the performance of the obligation out of which grew its alleged liability. Many other situations will arise to which they are applicable.

All of the foregoing cited cases were decided prior to the enactment by chapter 714 of the Laws of 1928 of section 211-a of the Civil Practice Act, which was designed to accord to a defendant liable in an action for personal injury or property damage the right to enforce contribution as against a joint tort feasor. Under this section, where a money judgment has been recovered jointly against two or more defendants in such an action and the judgment has been paid, in part or in full, by one or more of such defendants, each defendant who has paid more than his own *pro rata* share becomes entitled to contribution from the other defendants with respect to the excess so paid over and above the *pro rata* share of the defendant making such payment. It provides also: " Such recovery may be had in a separate action; or where the parties have appeared in the original action, a judgment may be entered by one such defendant against the other by motion on notice."

There can be no right of contribution unless there has been a money judgment recovered jointly against two or more defendants. (*Price* v. *Ryan*, 255 N. Y. 16.) The amount of their respective liabilities may then be determined in a separate action or by motion where the parties have appeared in the original action.

Defendants, charged as here with liability in negligence for a collision upon a highway, should have the right to have the question of the liability of a participant in the accident determined in one trial and fixed by a judgment if this can be accomplished, without prejudice to plaintiff's rights. If this procedure be not followed, the absent joint tort feasor would escape all liability. An individual injured while traveling as the guest of the operator of an automobile may choose not to ascribe negligence to his host and seek to impose full liability upon the owner of the colliding vehicle, even though actually his host may have been guilty of the

negligence which in large part caused the accident. To hold that under such circumstances the defendant sued may not have the benefit accorded by section 211-a of the Civil Practice Act, merely because the plaintiff has elected not to bring in an additional tort feasor, would be to aid often in a manifest injustice. Section 211-a can be made thoroughly effective only by being read in connection with sections 192 and 193 of the Civil Practice Act. They constitute the legislative scheme for the determination in one action of all the rights and liabilities which can in justice to all the parties be so disposed of. The new party is to be added (Civ. Prac. Act, § 192) " as the ends of justice may require."

In *Haines* v. *Bero Engineering Construction Corp.* (230 App. Div. 332), CROUCH, J., in an able opinion, observed with respect to section 211-a of the Civil Practice Act (p. 334): " If leave to bring in the joint or concurrent tort feasor is denied, there can be no subsequent action over. A joint judgment is a condition precedent to the right of contribution." And (p. 335): " The statute grants a substantial right. It was not intended, we think, that the opportunity of a defendant to utilize that right should depend solely upon the will of a plaintiff; nor should the courts thwart the legislative purpose by a narrow interpretation of a practice rule nor by the use of a discretion too restricted in scope."

In *Deuscher* v. *Cammerano* (256 N. Y. 328), where plaintiff had recovered a joint judgment in a personal injury action against Cammerano and another defendant, growing out of an accident which had happened prior to the enactment of section 211-a of the Civil Practice Act, and where the judgment had been entered after its enactment, it was held that contribution could be enforced by motion under that section, Judge CRANE saying: " When the cause of action arose in 1925 upon the tort claim, there was no vested right in Cammerano that the manufacturing company should pay for his negligence contributing to the accident. The choice was given to the plaintiff, as heretofore stated, to collect the entire damage out of Cammerano. If he happened to profit by the plaintiff pursuing the other defendant it was his luck rather than any right which vested in him. The law has *now* remedied this inequality and lessened a liability depending upon the chance of the plaintiff's choice."

The plaintiff cannot be prejudiced by the granting of this motion. The questions of negligence as between those in control of the two colliding vehicles will necessarily be litigated at trial. This is so, irrespective of whether the present defendants alone be before the court or whether the additional defendant has meanwhile been brought in. The complaint here does not, by its averments,

preclude the negligence of the alleged additional joint tort feasor, and the proof may show that all of the participants in the occurrence were negligent.

The practice adopted by the appellant was correct. By appropriate averments in the answer, which would be the " pleading " mentioned in the Civil Practice Act, section 193, subdivision 2, Weiss, after being brought in by means of a supplemental summons and charged with negligence by the averments of an amended answer, may be held responsible upon proper proof, together with the named defendants. The averments of the answer may be adopted by the plaintiff or he may prefer to serve an amended complaint, setting forth his theory of the negligence of all parties defendant. Or plaintiff may stand upon his original complaint, leaving the added defendant to prove the averments of his cross-complaint. The jury may defeat the plaintiff or find against or in favor of one or more defendants upon all the evidence.

The matter of pleading rests in the discretion of the Special Term which, upon the hearing of the motion, can determine that detail of practice. Upon trial all appropriate issues will thus receive the jury's consideration.

After judgment rendered and payment, the respective liabilities of the defendants to one another can then be determined upon motion without the necessity of an independent suit and rehearing of the evidence.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

FINCH, P. J., MERRELL, MCAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.