## MICHIGAN ALKALI CO. v. BANKERS INDEMNITY INS. CO.

District Court, S. D. New York.
April 30, 1937.

Putney, Twombly & Hall, of New York City (Lemuel Skidmore, of New York City, of counsel), for plaintiff.

Maxwell J. Kaplan, of New York City, for defendant.

LEIBELL, District Judge.

· This is a motion by defendant, Bankers Indemnity Insurance Company, a New Jersey corporation, under section 193 (2) New York Civil Practice Act to bring in as a party defendant the Travelers Insurance Company, a Connecticut corporation, on the ground that the Travelers Insurance Company is or will be liable to the Bankers Indemnity Insurance Company wholly or in part for the claim made against the Bankers Indemnity Insurance Company by the plaintiff herein.

Plaintiff, a Michigan corporation, instituted this action against the Bankers Indemnity Insurance Company under an automobile liability policy issued by that company. Plaintiff paid $15,000 in settlement of a claim for bodily injuries, caused by the operation of the insured automobile and now sues the Bankers Indemnity Insurance Company for reimbursement in that amount.

The circumstances under which the Bankers Indemnity Insurance Company issued its policy are as follows: The Universal Truck Rental Corporation rented a tractor and trailer to the plaintiff under an·agreement dated June 16, 1932, which provided in part that the Universal Truck Rental Corporation would effect adequate insurance at its·own expense on the tractor and trailer that would indemnify the plaintiff for all accident claims in connection with the operation of said equipment—$50,000/100,000 liability, $5,000 property damage. The rental agreement covered the period from July 1, 1932, to June 30, 1934.

On July 25, 1932, the Bankers Indemnity Insurance Company issued to the plaintiff an automobile certificate of insurance certifying that a certain policy of automobile liability insurance had been issued by the Bankers Indemnity Insurance Company, naming as the assured "Universal Truck Rental Corporation and/or Michigan Alkali Company" for the amounts above indicated and covering the tractor and trailer above mentioned. The certificate stated that the term of the policy was from July 15, 1932, to July 15, 1933.

On May 28, 1933, the tractor, while being driven by an employee of plaintiff, collided with an automobile and seriously injured Mae Lopes, one of its occupants. Suit was started by Mrs. Lopes and her husband against the Michigan Alkali Company and the Universal Truck Rental Corporation. It was dismissed as against the Universal Truck Rental Corporation and later the litigation was settled with the approval of the Bankers Indemnity Insurance Company (and also of the Travelers Insurance Company) by the payment of $15,000 by the Michigan Alkali Company to the Lopes couple.

While the Lopes litigation was pending, the·Bankers Indemnity Insurance Company learned that the Michigan Al-

kali Company held a hired car policy of insurance from the Travelers Insurance Company, insuring the Michigan Alkali Company against liability for damages for bodily injury in the amount of $50,-000/100,000. This insurance had been procured in the early part of 1933 by the Michigan Alkali Company. Bankers Indemnity Insurance Company claims that its policy contained a provision reading as follows: "I. If the Named Assured carries any other insurance covering concurrently a loss covered by this Policy, the Company shall be liable only for the proportion of such loss which the sum hereby insured bears to the whole amount of valid and collectible insurance, but, if any person, firm or corporation other than the Named Assured has valid and collectible insurance against any claim or loss, then such person, firm or corporation shall not be covered under this Policy," and also a provision: "E. In the event of any payment under this policy, the Company shall be subrogated to the amount of such payment, to the Assured's rights of recovery therefor against others and the Assured shall execute all papers required and shall co-operate with the Company to secure such rights."

Bankers Indemnity Insurance Company claims that under the aforementioned provisions it would, if held liable in this action, be entitled to contribution from the Travelers Insurance Company under clause I, or to full reimbursement under clause E.

Plaintiff contends however that the Travelers Insurance Company's hired car policy had a provision reading as follows: "It is further agreed that if there exists, at the time of a loss covered by this Policy, a policy of insurance under the terms of which the named Assured is entitled to protection and coverage against such loss, then the insurance afforded by this policy shall be excess insurance over and above the amount of such valuable and collectible insurance," and that therefore the Travelers Insurance Company's policy was only excess insurance and that the Travelers Insurance Company is not liable either to plaintiff directly or to the Bankers Indemnity Insurance Company either by way of subrogation or in contribution. The court has not the two insurance policies before it on this motion, only certain paragraphs thereof are quoted in the affidavits submitted by the parties. Of course, the granting of a motion of this kind does not determine the issue of liability as between the two insurance companies. The trial court will determine that. It suffices to say that it appears from the papers submitted by defendant that the Travelers Insurance Company will be liable in whole or in part to the defendant for the claim of the plaintiff herein. "The mere denial by the third party showing that a defense might exist will not defeat the application under section 193 (2) which is designed to avoid circuity of action." Franklin v. Meredith Co. (C.C.A.) 64 F.(2d) 109, 112. The discretion of the court should be exercised in favor of granting the motion to bring in the Travelers Insurance Company as a party defendant.

Section 193 (2), New York Civil Practice Act, is liberally construed. Lowry & Co., Inc. v. National City Bank (D. C.) 28 F.(2d) 895; Franklin v. Meredith Co., supra. The purpose of the act is to avoid delay and circuity of actions and to enable a controversy relating to the same subject-matter to be disposed of in one suit. Davis v. Hauk & Schmidt Inc., 232 App.Div. 556, 250 N.Y.S. 537. The prosecution of plaintiff's claim will not be affected adversely by granting the motion.

In concluding, it should be noted that this motion based on an order to show cause, dated April 6, 1937, is not the same as the motion that came before Judge Hulbert on the order to show cause of March 1, 1937. A reading of the two said orders and of Judge Hulbert's opinion dated March 25, 1937, shows that the earlier motion was to compel the plaintiff to bring in the Travelers Insurance Company as an additional defendant and to serve an amended complaint accordingly. The present motion is to permit the defendant to bring in the Travelers Insurance Company as a party defendant and to serve on the Travelers Insurance Company an answer of the Bankers Indemnity Insurance Company alleging the claim of the Bankers Indemnity Insurance Company against the Travelers Insurance Company.

This motion is granted. Submit order on notice.