ANNIE E. LANG, as Administratrix of the Estate of OSCAR C. LANG, Deceased, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

**Railroads — negligence — when railroad company not liable for death of an employee under the Federal Safety Appliance Act.**

Where an employee of a railroad engaged in interstate commerce who was riding on a freight car, which collided with a car having no drawbar or coupler, was fatally crushed between the car upon which he was riding and the defective car, the collision was not the proximate result of the absence of the coupler and drawbar where there was no attempt to couple to the defective car. It was not intended to provide a place of safety between colliding cars, hence the decedent cannot recover under the Federal Safety Appliance Act (Act of Congress, March 2, 1893, ch. 196, as amended). (*St. Louis & San Francisco R. R. Co.* v. *Conarty*, 238 U. S. 243, followed.)

*Lang* v. *N. Y. C. R. R. Co.*, 187 App. Div. 967, reversed.

(Argued December 4, 1919; decided January 6, 1920.

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 8, 1919, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant, his employer.

The facts, so far as material, are stated in the opinion.

*Maurice C. Spratt* for appellant. The court erred in refusing to grant defendant's motion for a nonsuit and for a direction of a verdict. (*St. Louis & S. F. R. R. Co.* v. *Conarty*, 238 U. S. 243.)

*Hamilton Ward* and *Julius A. Schrieber* for respondent. No error was committed by the court in refusing to grant defendant's motion for a nonsuit, or to direct a verdict. (*Union Pacific R. R. Co.* v. *Huxoll*, 245 U. S. 535; *Wagner*

*Case,* 241 U. S. 476; *Parker Case,* 242 U. S. 56; *Otos Case,* 239 U. S. 349; *Rigsby Case,* 241 U. S. 33; *Delk* v. *St. Louis & S. F. R. Co.,* 220 U. S. 580; *Spokane, etc.,* v. *Campbell,* 217 Fed. Rep. 524; *G. T. W. Ry. Co.* v. *Lindsay,* 233 U. S. 42; *L. & N. Ry. Co.* v. *Layton,* 243 U. S. 617; *M. & S. L. Ry. Co.* v. *Gotschall,* 244 U. S. 66; *Southern Ry. Co.* v. *Snyder,* 205 Fed. Rep. 868.)

ANDREWS, J.    Where disregard of the Safety Appliance Act causes loss to one of the class for whose special benefit it was enacted his right to recover damages is implied.    (*Texas & Pacific Railway Company* v. *Rigsby,* 241 U. S. 33.)    Not so, as to others.

In *St. Louis & San Francisco Railroad Company* v. *Conarty* (238 U. S. 243) a switch engine collided with a freight car having no coupler or drawbar.    The switch engine was not to handle this car but was on its way to a point some distance beyond it.    Conarty, standing on the footboard of the engine, was killed by the collision. There was evidence that had the coupler and drawbar been present the engine and the car would have been held so far apart as to have prevented the injury.

The Supreme Court said that section 2 of the act was intended to provide against the risk of coupling and uncoupling and to obviate the necessity of men going between the ends of the cars.    It was not intended to provide a place of safety between colliding cars.    Therefore, when a collision was not the proximate result of the violation of these regulations, where there was no endeavor to couple or uncouple a car or to handle it in any way, there can be no recovery under the act.    The absence of a coupler and drawbar was not a breach of duty toward a servant in that situation.

If, however, a collision was proximately caused by the failure of the railroad to obey the statute, it was not intended to hold that only those servants actually engaged in coupling or uncoupling cars could recover for the

resulting injuries. Any servant so injured equally comes within the protection of the statute. (*Louisville & Nashville Railroad Company* v. *Layton*, 243 U. S. 617; *Minn. & St. Louis R. R. Co.* v. *Gotschall*, 244 U. S. 66.)

In the case before us the defendant was engaged in interstate commerce. A car without drawbar or coupler was standing on the siding. The plaintiff's intestate was a brakeman and was riding on a second car kicked upon the same siding. A collision occurred and the deceased was crushed between the car upon which he was riding and the defective car. As in the *Conarty* case, it was plain that had the coupler and drawbar been present the two cars would have been held so far apart that he would have escaped uninjured. There was no attempt to couple on to the defective car or to handle it in any way.

Under these circumstances Mr. Lang was not one of the persons for whose benefit the Safety Appliance Act was passed. The collision was not the proximate result of the absence of the coupler and drawbar. Their presence was not required so that they might act as bumpers.

It is said that had the car not been defective the work on hand would have been done in a different way. Assuming that this is so, still the collision was not the proximate result of the defect.

The judgments of the Trial Term and of the Appellate Division must be reversed and the complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., COLLIN, HOGAN and McLAUGHLIN, JJ., concur; CHASE and CRANE, JJ., dissent.

Judgments reversed, etc.