Floyd Kent, Respondent, v. Erie Railroad Company, Appellant.

Railroads — master and servant — negligence — Federal Employers' Liability Act — action for injury by employee of railroad company engaged in interstate commerce — rights and liabilities of parties governed by Federal Employers' Liability Act — Railroad Law of this state, section 64, has no application whatever.

1. Where both parties are engaged in interstate commerce, their respective rights and liabilities are governed by the Federal Employers' Liability Act, and section 64 of the Railroad Law of the state of New York (Cons. Laws, ch. 49) has no application whatever.

2. The plaintiff, an employee of the defendant, while riding on one of its cars, fell therefrom by reason of a handhold giving way, and sustained injury which necessitated the amputation of one leg below the knee. Defendant requested that the jury be instructed there was no evidence tending to show any defect in the handhold which could have been discovered by defendant by reasonable inspection,

prior to plaintiff's injury. In response to this request the court said: " There is no evidence as to just the nature or character of that hand-hold, or the defect, if one existed, save what section 64 may apply when it says ' proof of actual defect may be *prima facie* evidence of negligence.' I will have to leave it in that way, gentlemen," to which an exception was taken. *Held,* that where an injury results from a defective appliance not covered by the Safety ˙ Appliance Act, it is necessary to prove the defect and notice to the employer, and, eliminating the erroneous instructions as to section 64 of the Railroad Law being applicable, there was nothing to justify a verdict in favor of the plaintiff, unless section 4 of the Federal Safety Appliance Act (Chap. 196, act of Congress, March 2, 1893, as amended) applied — a question which is not passed upon. ( *New Orleans & Northeastern R..R. Co.* v. *Harris,* 247 U. S. 367; *Looney* v. *Metropolitan R. R. Co.,* 200 U. S. 480, followed.)

*Kent* v. *Erie R. R. Co.,* 181 App. Div. 969, reversed.

(Argued January 15, 1920; decided February 24, 1920.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department entered December 11, 1917, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John W. Ryan* for appellant. In this action in which the rights and liabilities of the parties are governed by the Federal Employers' Liability Act, section 64 of the Railroad Law of the state of New York, in its entirety, is inapplicable. (*Collelli* v. *Turner,* 215 N. Y. 675; *C. V. Ry. Co.* v. *White,* 238 U. S. 507; *Lincoln* v. *French,* 105 U. S. 617; *Patton* v. *T. & P. Ry. Co.,* 179 U. S. 663; *Looney* v. *Metropolitan Co.,* 200 U. S. 486; *Cryder* v. *C., R. I. & P. Ry. Co.,* 152 Fed. Rep. 418; *Henson* v. *L. V. R. R. Co.,* 194 N. Y. 205; *L. & N. R. Co.* v. *Kemp,* 140 Ga. 661; *C. & C. S. R. R. Co.* v. *Finan,* 153 Ky. 345; *St. Louis, I. M. & S. R. R. Co.* v. *Ingram,* 187 S. W. Rep. 453; *Alabama Gt. Southern R. Co.* v. *Tidwell,* 88 S. E.

Rep. 939; *Louisville & N. R. Co.* v. *Rhoda*, 71 So. Rep. 369.)

*Hubert C. Minard* for respondent.   Proof of a defective handhold is *prima facie* evidence of negligence in an action under the Federal Employers' Liability Act. (*M. & St. L. R. Co.* v. *Gotschall*, 244 U. S. 66; *S. A. & A. P. R. Co.* v. *Wagner*, 241 U. S. 476.)   The charge complained of correctly stated the law.   (*S. R. Co.* v. *Bennett*, 233 U. S. 80; *K. C. S. Ry. Co.* v. *Leslie*, 167 S. W. Rep. 83.)   Section 64 of the Railroad Law is applicable to this action.   (*McNeil* v. *Holbrook*, 12 Pet. 84.)

McLAUGHLIN, J.   This action has been twice tried.   On the first trial defendant had a verdict, which was affirmed by the Appellate Division, but reversed by this court and a new trial ordered on the ground that the jury was improperly instructed as to the law of the case.   (*Kent* v. *Erie R. R. Co.*, 217 N. Y. 349.)   On the second trial plaintiff had a verdict, which was unanimously affirmed by the Appellate Division and defendant appeals to this court.

The plaintiff, an employee of the defendant, while riding on one of its cars, fell therefrom by reason of a handhold giving way, and sustained injury which necessitated the amputation of one leg below the knee. The facts surrounding or immediately connected with the accident are fully set forth in the opinion of Judge CHASE, who wrote for a majority of the court on the former appeal, and it is unnecessary to restate them.   After the reversal of the former judgment, and before the second trial took place, defendant amended its answer by alleging that at the time of the plaintiff's injuries he was employed, and defendant engaged, in interstate commerce.   This fact was conceded at the trial and the jury so instructed.

Both parties being engaged in interstate commerce, their respective rights and liabilities were governed by the

Federal Employers' Liability Act, and section 64 of the
Railroad Law of the state of New York (Cons. Laws, ch.
49) had no application whatever. ( *New Orleans & North-
eastern R. R. Co. v. Harris*, 247 U. S. 367; *New Orleans &
Northeastern R. R. Co.* v. *Scarlet*, 249 U. S. 528; *Yazoo &
Mississippi Valley R. R. Co.* v. *Mullins*, 249 U. S. 531;
*Louisville & N. R. R. Co.* v. *Rhoda*, 238 U. S. 608.) Not-
withstanding that fact, the trial court instructed the jury
that the giving way of the handhold furnished, under that
section, *prima facie* evidence of the defendant's negli-
gence. I am of the opinion this was error and necessitates
a reversal of the judgment. This section of the Railroad
Law, or so much of it as is material to the question
under consideration, provides that: " If an employee,
engaged in the service of any such railroad corporation,
* * * shall receive any injury by reason of any
defect in the condition of the ways, works, machinery,
plant, tools or implements, or of any car, train, locomotive
or attachment thereto belonging, * * * when such
defect could have been discovered * * * by reason-
able and proper care, tests or inspection, such cor-
poration * * * shall be deemed to have had
knowledge of such defect before and at the time such
injury is sustained; and when the fact of such defect
shall be proved upon the trial of any action in the courts
of this state, brought by such employee or his legal
representatives, against any such railroad corporation
* * *, on account of such injuries so received, the
same shall be *prima facie* evidence of negligence on the
part of such corporation * * *."

The trial court, after stating to the jury that there was
no evidence of the nature or character of the defective
handhold, or what caused it to give way, other than that
it did give way under the circumstances stated, said:
" Now, then, while the federal statutes and the federal
law govern and control so far as the liability of the defend-

ant is concerned, it has seemed to this court that as to the method of proving such liability, or the kind of evidence which shall be sufficient to make out a case, rests entirely within the state law, unless otherwise pointed out by the federal statute, and as this section 64 of the Railroad Law refers to matters of procedure and evidence purely, and not as to the liability, or does not undertake to declare when a liability shall exist, I am inclined to hold and to charge that the happening of, or the extent of a defect, is *prima facie* evidence of negligence." In this connection, at the conclusion of the main charge, the defendant's counsel requested the court to charge: "That neither section 64 of the Railroad Law of the state of New York, nor any part thereof, has application in this case submitted to the jury under the provisions of the Federal Employers' Liability Act and in this action the plaintiff is not entitled to the benefit of any of the provisions of said section 64 of the Railroad Law of the state of New York." The court declined to charge as requested, to which an exception was taken. He also requested that the jury be instructed there was no evidence tending to show any defect in the handhold which could have been discovered by defendant by reasonable inspection, prior to plaintiff's injury. In response to this request the court said: "There is no evidence as to just the nature or character of that handhold, or the defect, if one existed, save what section 64 may apply when it says ' proof of actual defect may be *prima facie* evidence of negligence.' I will have to leave it in that way, gentlemen," to which an exception was taken.

In *New Orleans & N. E. R. R. Co.* v. *Harris (supra)* quite similar instructions were given to the jury, and it was held that they were erroneous and necessitated a reversal of the judgment. Mr. Justice McREYNOLDS, who delivered the opinion of the court, said: "The so-called ' *Prima Facie Act* ' of Mississippi * * *

provides, that in actions against railroads for damages proof of injury inflicted by an engine propelled by steam shall be *prima facie* evidence of negligence. Relying upon and undertaking to apply this statute, the trial court gave the quoted instructions; and in so doing, we think, committed error. The federal courts have long held that where suit is brought against a railroad for injuries to an employee resulting from its negligence, such negligence is an affirmative fact which plaintiff must establish. * * * In proceedings brought under the Federal Employers' Liability Act, rights and obligations depend upon it and applicable principles of common law as interpreted and applied in federal courts; and negligence is essential to recovery." (p. 370.)

The other authorities cited are to the same effect.

Eliminating the erroneous instructions as to section 64 being applicable, there was nothing to justify a verdict in favor of the plaintiff, unless section 4 of the Federal Safety Appliance Act (Chap. 196, Act of Congress, March 2, 1893, as amended) applied,— a question which we do not now pass upon, since the court expressly charged the jury, to which no exception was taken, that section 4 had no application because the plaintiff, at the time the handhold gave way, was not engaged in coupling or uncoupling cars.

It is true, as urged by the respondent, there is a difference between the *Prima Facie Acts* of Mississippi and Florida considered in the authorities cited, and the *Prima Facie Act* of the state of New York. The difference, however, is not one of principle, but of degree or extent of presumption created by the statute. Where an injury results from a defective appliance, not covered by the Safety Appliance Act, in order to establish negligence it is necessary to prove the defect and notice to the employer. (*Looney* v. *Metropolitan Railroad Co.*, 200 U. S. 480.) Under the Florida and Mississippi statutes these two facts are presumed, while under the New York

statute the defect must be proved and from it negligence is presumed. In either case, where the action is brought under the Federal Employers' Liability Act, the state statute has no application.

The judgments appealed from, therefore, should be reversed and a new trial granted, with costs to abide event.

HISCOCK, Ch. J., COLLIN, HOGAN, POUND, ANDREWS and ELKUS, JJ., concur.

Judgments reversed, etc.