FRED D. WARD, Appellant, *v.* ERIE RAILROAD COMPANY, Respondent.

**Railroads — Federal Safety Appliance Act not only imposes duty but also creates right of action for damages — employee injured through failure by railroad to obey Safety Appliance Act has right of action and is not confined to remedy under Workmen's Compensation Law.**

1. It is a rule of the common law that a member of the class for whose benefit a statute has been enacted has a right of action against the offender for the damages sustained.

2. The purpose of the Federal Safety Applicance Act (27 Stat. L. 532, amd. 32 Stat. L. 942, amd. 36 Stat. L. 299) was not merely to impose a duty but also to create or preserve a right of action for the damages, and the right of action so established is immune from impairment except by act of Congress. (*Texas & P. Ry. Co.* v. *Rigsby,* 241 U. S. 33; *N. Y. C. R. R. Co.* v. *Winfield,* 244 U. S. 147; *So. Pacific Co.* v. *Jensen,* 244 U. S. 205; *Knickerbocker Ice Co.* v. *Stewart,* 253 U. S. 149, followed.)

3. Although he has no remedy under the Federal Employers' Liability Act, an employee of a railroad engaged in interstate commerce who is injured while switching cars, not in aid of any interstate movement, has a right of action for his damages where the injury was caused through violation by the railroad of the Federal Safety Appliance Act, and the Workmen's Compensation Act of the state does not impair such right.

*Ward* v. *Erie R. R. Co.,* 185 App. Div. 841, reversed.

(Argued December 10, 1920; decided January 11, 1921.)

APPEAL from a judgment entered January 15, 1919, upon an order of the Appellate Division of the Supreme Court in the third judicial department reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Mortimer L. Sullivan* for appellant. The Federal law provided the plaintiff with his remedy and right to recover in this action. (*T. & P. Ry. Co.* v. *Rigsby,* 241 U. S. 33; *St. L., I. M. & S. Ry. Co.* v. *Taylor,* 210 U. S. 281; *Amberg* v. *Kinley,* 214 N. Y. 531; *Martin* v. *Herzog,* 228 N. Y. 164; *San Antonio Ry. Co.* v. *Wagner,* 241 U. S. 476; *B. & O. R. R. Co.* v. *Baugh,* 149 U. S. 370; *C. V. Ry. Co.* v. *White,* 238 U. S. 507; *S. A. L. Ry. Co.* v. *Horton,* 233 U. S. 492; *N. O. & N. E. R. R. Co.* v. *Harris,* 247 U. S. 367.)

*Halsey Sayles* for respondent. The Workmen's Compensation Act afforded the plaintiff his exclusive remedy. (*T. & P. Ry. Co.* v. *Rigsby,* 241 U. S. 33; *N. Y. C. R. R. Co.* v. *Tonsillito,* 244 U. S. 360; *Willy* v. *Mulledy,* 78 N. Y. 310; *Pauley* v. *Stearns G. & L. Co.,* 131 N. Y. 95; *Dennick* v. *Railroad Co.,* 103 U. S. 11; *Stewart* v. *B. & O. R. R. Co.,* 168 U. S. 448; *Cuba R. R. Co.* v. *Crosby,* 222 U. S. 473; *Pensabene* v. *Auditore Co.,* 78 Misc. Rep. 538; *Smith* v. *Alabama,* 124 U. S. 465; *D. & R. G. R. Co.* v. *United States,* 241 Fed. Rep. 614; *M., S. P. & S. S. M. Ry. Co.* v. *Popplar,* 237 U. S. 368.)

CARDOZO, J.   The plaintiff, a switchman in the defendant's service, suffered injuries while switching cars on a side track in the Elmira yard.   The car on which he was standing came in contact with another which had no drawhead or end-sill, and he was caught between the roofs.   The switching of the cars was not in aid of any interstate movement.   There is no remedy, therefore, under the Employers' Liability Act of Congress, which limits its protection to employees engaged in interstate commerce when injury is suffered (*Ill. Central R. R. Co.* v. *Behrens,* 233 U. S. 473; *Erie R. R. Co.* v. *Welsh,* 242 U. S. 303).   But the absence of the drawhead or end-sill was a violation of another statute.   The defendant, being an interstate carrier, was subject to the provisions of the Safety Appliance Act (Act of March 2, 1893, ch. 196; 27 Stat. L. 532; amendatory act of March 2, 1903, ch. 976; 32 Stat. L. 943; supplementary act of April 14, 1910, ch. 160; 36 id. 299), which gives protection to travelers and employees, whether the transit at the moment of the injury is interstate or local (*Texas & Pac. Ry. Co.* v. *Rigsby,* 241 U. S. 33).   The plaintiff has a remedy under that act, unless the Workmen's Compensation Act of New York (Consol. Laws, ch. 67) has taken it away from him. The defendant concedes that this could not be done if the remedy as well as the right was the creation of the federal statute (*N. Y. Central R. R. Co.* v. *Winfield,* 244 U. S. 147; *N. Y. Central & H. R. R. R. Co.,* v. *Tonsellito,* 244 U. S. 360; *So. Pac. Co.* v. *Jensen,* 244 U. S. 205; *Knickerbocker Ice Co.* v. *Stewart,* 253 U. S. 149).   The argument is, however, that all that Congress did was to clothe the employee with a right and the carrier with a duty, leaving the remedy, in case of infringement, to the law of the locality.   It is a rule of the common law that a member of the class for whose benefit a statute has been enacted has a right of action against the offender for the damages sustained (*Texas & Pac. Ry. Co.* v. *Rigsby, supra,* at p. 39, citing 1 Comyn Dig. tit. Action upon Statute, F;

*Martin* v. *Herzog*, 228 N. Y. 164, 168). The remedy for violation of the federal statute is given, it is said, not by the statute, but by the common law of the locality, and what the locality has given, the locality may change. This argument, rejected by the trial court, was sustained at the Appellate Division, and the complaint dismissed.

We reach a different conclusion. We find the inference irresistible that the plaintiff's remedy like his right has a statutory origin. That was the ruling of the Circuit Court of Appeals for the seventh circuit in *Ross* v. *Schooley* (257 Fed. Rep. 290; certiorari denied, 249 U. S. 615), where the same question was presented. We may assume that if the purpose of the statute was merely to impose a duty, without creating or preserving a right of action for the damages, the states could abrogate the right of action that would attach at common law. Whether the assumption is a sound one, we need not now determine. If the purpose was, however, not merely to impose a duty, but also to create or to preserve a right of action for the damages, the right of action so established is immune from impairment except by act of Congress ( *N. Y. Central R. R. Co.* v. *Winfield; So. Pac. Co.* v. *Jensen; Knickerbocker Ice Co.* v. *Stewart, supra*). The creation or preservation of a remedy may, of course, result from implication as well as from express words, if the intention is apparent (*Smith* v. *Alabama*, 124 U. S. 465, 477). The question is simply one of statutory construction — of the purpose of the lawmakers.

Here there are two provisions that unmistakably reveal the purpose to give to the right of action for damages then attaching at common law a statutory confirmation and a statutory sanction. The act provides (27 Stat. 532, act of March 2, 1893, ch. 196, sec. 8), that any employee injured by any locomotive, car or train in use contrary to the statute " shall not be deemed thereby to have assumed the risk thereby occasioned, although continuing in the employment of such carrier after the unlawful use of such

locomotive, car, or train had been brought to his knowledge." This provision assumes the existence of a remedy and limits the available defenses. The regulation of the remedy is equivalent to a declaration that a remedy there shall be. The states were without power, with that statute on the books, to make assumption of risk through continuance in employment an answer to a suit. Congress did not mean that they should have the power to destroy the right of action which they were powerless to impair. The supplementary act of 1910 (36 Stat. L. 299) reinforces this conclusion. It provides that the penalty of $100 for each violation of its provisions shall not be construed " to relieve such carrier from liability in any remedial action for the death or injury of any railway employee." The Supreme Court referring to these two provisions in *Texas & Pac. Ry. Co.* v. *Rigsby* (*supra*, at p. 40), said of them that " the inference of a private right of action " was thereby " rendered irresistible."

We build the right of action on the statute. We look to the common law in determining the implications of the statute, the things assumed and held for granted (*Murray* v. *Chicago & N. W. Ry. Co.*, 62 Fed. Rep. 24, 31.) That is the background in which its language finds a setting. Congress knew the ancient rule which gives a remedy in these circumstances for violation of a duty. With that knowledge, it left to allusion and suggestion the things that allusion and suggestion were sufficient to supply. The only question is whether it left the gaps so wide that in the process of filling them interpretation fades into conjecture. We think our reading of the act is not subject to that reproach. The statute in scheme and framework is instinct with plan and purpose to maintain a remedy and fortify it. The will of Congress is expressed in abbreviated signs and symbols, but none the less it is expressed. Enough is there to forbid the imputation of a willingness that an act, described in its title as one to promote the safety of employees and travelers,

should be dependent for its efficacy upon the pleasure of the states. It is written there in substance: any one for whose benefit this statute is enacted shall have, in case of violation, a right of action for his damages, and it shall no longer be a defense that there was service with knowledge of the risk.

The judgment of the Appellate Division should be reversed, and that of the Trial Term affirmed, with costs in the Appellate Division and in this court.

CHASE, J. (dissenting). I admit that the Workmen's Compensation Law of this state (Chapter 67 of the Consolidated Laws) is not an exclusive means of obtaining compensation for injuries sustained or deaths incurred by employees engaged in interstate commerce. I also admit that it is not exclusive as against other Federal statutes expressly authorizing an action in behalf of an employee of an interstate carrier.

In *New York Central & Hudson R. R. R. Co.* v. *Tonsellito* (244 U. S. 360, 362), referring to the Federal Employers' Liability Act, the court say: "Congress having declared when, how far, and to whom carriers shall be liable on account of accidents in the specified class, such liability can neither be extended nor abridged by common or statutory laws of the state." The "specified class" is common carrier by railroad in interstate or foreign commerce. As the plaintiff was not engaged at the time of the accident in interstate or foreign commerce the Federal Employers' Liability Act (U. S. Compiled Statutes of 1918, sections 8657 to 8665) is not applicable to his case.

The Workmen's Compensation Law of this state provides for compensation for injuries sustained or death incurred by employees engaged in specified hazardous employments. Among such specified hazardous employments is included the operation of railways. (Sec. 2, Group 1.) The act further provides: "The liability of an employer prescribed by the last preceding section

shall be exclusive and in place of any other liability whatsoever, to such employee, * * * at common law or otherwise on account of such injury * * * except that if an employer fail to secure the payment of compensation for his injured employees and their dependents as provided in section fifty of this chapter, an injured employee, * * * may, at his option, elect to claim compensation under this chapter, or to maintain an action in the courts for damages on account of such injury; * * *." (Sec. 11.)

The employer "prescribed by the last preceding section" of said act as mentioned in said section 11, is, "A person, partnership, association or corporation, employing workmen in hazardous employments." (Sec. 3, subd. 3.)

No claim is made in this case that the defendant has not secured the payment of compensation for its injured employees and their dependents as provided by section 50 of the Workmen's Compensation Law. The provisions of the Workmen's Compensation Law quoted are constitutional (New York State Constitution, art. 1, sec. 19; *Matter of Jensen* v. *Southern Pacific Co.*, 215 N. Y. 514; reversed, because only of interference with admiralty and maritime jurisdiction under the United States Constitution and Federal statutes, *South. Pacific Co.* v. *Jensen*, 244 U. S. 205; *Matter of White* v. *N. Y. C. & H. R. R. R. Co.*, 216 N. Y. 653; affd., *N. Y. C. R. R. Co.* v. *White*, 243 U. S. 188.)

The remedy provided in the Workmen's Compensation Law (except as hereinbefore admitted) is exclusive and in full substitution for an action for damages. (New York State Constitution, art. 1, sec. 19; *Shanahan* v. *American Engineering Co.*, 219 N. Y. 469.) The plaintiff, therefore, must look to the Workmen's Compensation Law for compensation for his injuries unless he can sustain an action because of the provisions of the Federal Safety Appliance Act. That act prescribes certain duties and requirements and subjects a company which fails to

obey such requirements to a penalty, but does not in terms give a right of action to one who suffers a personal injury because of non-observance of such requirements.

It is said in *Texas & Pacific Rway. Co.* v. *Rigsby* (241 U. S. 33, 39): "A disregard of the command of the statute is a wrongful act, and where it results in damage to one of the class for whose especial benefit the statute was enacted, the right to recover the damages from the party in default is implied, according to a doctrine of the common law expressed in 1 Comyn's Dig. title ' Action upon Statute' (F) in these words: ' So, in every case, where a statute enacts, or prohibits a thing for the benefit of a person, he shall have a remedy upon the same statute for the thing enacted for his advantage, or for the recompense of a wrong done to him contrary to the said law.' "

Where a right of action is not given against a carrier by Federal statute the " carrier exercising his calling within a particular state, although engaged in the business of interstate commerce, is answerable according to the laws of the state for acts of non-feasance or misfeasance committed within its limits. * * * But for the provisions on the subject found in the local law of each state, there would be no legal obligation on the part of the carrier, whether *ex contractu* or *ex delicto*, to those who employ him. * * * If the law of the particular state does not govern that relation, and prescribes 'the rights and duties which it implies, then there is and can be no law that does until Congress expressly supplies it, or it is held by implication to have supplied it, in cases within its jurisdiction over foreign and interstate commerce. The failure of Congress to legislate can be construed only as an intention not to disturb what already exists, and is the mode by which it adopts, for cases within the scope of its power, the rule of the state law, which until displaced covers the subject." (*Smith* v. *Alabama,* 124 U. S. 465, 476.)

The Federal Safety Appliance Act does not in terms

provide that a private action of any kind may be maintained to recover damages because of a failure to comply with its provisions. The right to maintain an action to recover damages arising because of a failure to comply with its provisions is found, if at all, in the local law of each state as stated in *Smith* v. *Alabama* (*supra*). The provisions of the statute providing that an employee injured by reason of an act contrary to the statute shall not be deemed to have assumed the risk or that the penalty shall not be construed to relieve the carrier from liability are to be observed when an action can be maintained by virtue of local laws. Such provisions do not in themselves show an intention in the act to authorize the maintenance of an action to recover for injuries arising from a disobedience of its provisions.

The common-law right of action as between servant and master in this state is included in or swallowed up by the constitutional provisions of the Workmen's Compensation Law. Its provisions are expressly substituted for and made exclusive of the common-law remedy. I am the more inclined to hold that it was not the intention of the Federal Safety Appliance Act to give a cause of action apart from local laws because of the serious consequences in the practical working of the Workmen's Compensation Law of permitting a right of action in every case of injury or death of an employee engaged by an interstate carrier if the injury results from a violation of the provisions now included in the Federal Safety Appliance Act or which may hereafter be included therein. The plaintiff should not be permitted to sustain a cause of action in this state as one at common law or pursuant to existing Federal statute.

The judgment should be affirmed, with costs.

POUND, CRANE and ANDREWS, JJ., concur with CARDOZO, J.; HISCOCK, Ch. J., and McLAUGHLIN, J., concur with CHASE, J.

Judgment reversed, etc.