FLOYD KENT, Plaintiff, *v.* ERIE RAILROAD COMPANY, Defendant.

(Supreme Court, Erie Special Term, October, 1921.)

Pleading — distinction between action for negligence and one for violation of statute — motion to amend complaint denied on account of setting up a different cause of action — Federal Safety Appliance Act (chap. 196, Act of Congress March 2, 1893, as amended).

There is a clear distinction between an action for negligence and one founded on a violation of a statute, and where a

motion to amend the complaint in an employee's action begun in 1909, for personal injuries, is in effect an effort to substitute the violation of a statute as ground of recovery for the negligence alleged, the motion will be denied on the ground that if the action were presently brought, it would be too late.

Upon an appeal from an affirmance by the Appellate Division in favor of defendant the Court of Appeals reached the conclusion that a question of fact for the jury was made out on the presumption of negligence raised by proof under section 64 of the Railroad Law, and that the question of plaintiff's contributory negligence was also for the jury, but reversed the judgment for error in the charge of the trial court. Before the second trial, the answer was amended by alleging the employment of plaintiff at the time of injury, in interstate commerce. On the new trial the case was submitted to the jury under the Federal Safety Appliance Act (chap. 196, Act of Congress March 2, 1893, as amended) and because the jury was instructed that there was a presumption of negligence under section 64 of the Railroad Law of the state, the judgment entered on the verdict in favor of plaintiff and affirmed in the Appellate Division was reversed in the Court of Appeals on the ground that there was nothing to justify a verdict in favor of plaintiff, unless section 4 of said federal statute applied. The complaint alleged that the accident was due solely to the negligence of defendant and specified various negligent acts. *Held,* that a motion to amend the complaint so as to allege " That said injury was due to and the proximate cause thereof was the use by defendant on its said railroad of a car not provided with secure grab irons * * * in violation of the provisions of the Federal Safety Appliance Act" must be denied on the ground that the proposed amendment sets forth another cause of action.

An amendment changing the amount of damages claimed and the insertion of an allegation that the parties to the action were engaged in interstate commerce, allowed.

MOTION by plaintiff to amend complaint: (1) increasing demand to $50,000; (2) by inserting allegation that at the time of injury, plaintiff and defendant were engaged in interstate commerce; (3) by inserting allegation intended to set up the Federal Safety Appliance Act.

Harry D. Williams, for plaintiff.

John W. Ryan, for defendant.

POOLEY, J.   The amount of the demand is no criterion and the damages must be proved.   The stipulation in 1917 as to reduction of the recovery, while significant, is not controlling.   This amendment is allowed.

The allegation that the parties were engaged in interstate commerce is similar to the allegation in defendant's answer, and consonant with the theory upon which the case was submitted on the trial in 1917.   It is consistent and proper therefore to be inserted in the complaint, and is allowed.

This action was commenced in September, 1909, was tried in June, 1910, resulting in a verdict for defendant, affirmed by Appellate Division, but reversed by Court of Appeals.   On second trial in February, 1917, plaintiff had verdict of $12,500, reduced on motion and stipulation to $10,000, affirmed in Appellate Division, but reversed in Court of Appeals.

The Court of Appeals, reviewing the first trial, reached the conclusion (217 N. Y. 349, 353), that a question of fact for the jury was made out on the presumption of negligence raised by proof under section 64 of the Railroad Law of New York state; and that the question of plaintiff's contributory negligence was for the jury.   Section 64 provides for an employee injured by reason of any defect in the condition of the ways, works, machinery, plant, tools, etc., or of any car, etc., when such defect could have been discovered by the corporation by reasonable care, test or inspection, and raises the presumption of negligence.   The reversal was on the ground of error in the charge.

After this determination of the Court of Appeals and before the second trial, the defendant amended its answer, alleging the employment of plaintiff at the time of injury, in interstate commerce.

On the second trial the case was submitted to the jury under the Federal statute and hence section 64 of the state law had no application. The trial court, however, instructed the jury that there was a presumption of negligence on the proof, under section 64 of the state law, and on account of this, the Court of Appeals reversed the judgment, stating that " Eliminating the erroneous instruction as to section 64 being applicable, there was nothing to justify a verdict in favor of the plaintiff, unless section 4 of the Federal Safety Appliance Act (Chap. 196, Act of Congress, March 2, 1893, as amended) applied,— a question which we do not now pass upon, since the court expressly charged the jury, to which no exception was taken, that section 4 had no application because the plaintiff, at the time the handhold gave way, was not engaged in coupling or uncoupling cars." 228 N. Y. 94.

The clause which plaintiff asks to insert is: " That said injury was due to and the proximate cause thereof was the use by defendant on its said railroad of a car not provided with secure grab irons or handholds in the ends and sides for greater security to men in coupling and uncoupling cars, in violation of the provisions of the Federal Safety Appliance Act."

The question now to be determined is whether or not the proposed amendment sets forth another cause of action.

The complaint charges that " the accident was due solely to the negligence of the defendant," and proceeds to specify various negligent acts.

By the proposed amendment, plaintiff seeks to

allege a cause of action based upon a violation by defendant of a federal statute.

This federal statute was enacted for the special benefit of employees engaged in coupling and uncoupling cars. This plaintiff was not so engaged and hence cannot claim its benefits. The proposition then presents itself whether or not an employee injured by reason of violation of the Safety Appliance Act could secure its benefits on the theory that what Congress did was to clothe the employee with a right and the carrier with a duty, leaving the remedy to the law of the locality; but this has been answered by the Court of Appeals in *Ward* v. *Erie Railroad*, 230 N. Y. 230, where the court says: " We find the inference irresistible that the plaintiff's remedy like his right has a statutory origin. * * * This provision [of the act] assumes the existence of a remedy and limits the available defenses. The regulation of the remedy is equivalent to a declaration that a remedy there shall be. * * * The supplementary act of 1910 (36 Stat. L. 299) reinforces this conclusion. It provides that the penalty of $100 for each violation of its provisions shall not be construed ' to relieve such carrier from liability in any remedial action for the death or injury of any railway employee.' The Supreme Court referring to these two provisions in *Texas & Pac. Ry. Co.* v. *Rigsby* (*supra*, at p. 40), said of them that ' the inference of a private right of action ' was thereby ' rendered irresistible.' "

Again in the case of *Lang* v. *New York Central R. R. Co.*, 227 N. Y. 507, the same proposition is enunciated.

The cases cited by plaintiff, notably *Seaboard Air Line* v. *Renn*, 241 U. S. 290, and *Kinney* v. *Hudson River R. R. Co.*, 98 Misc. Rep. 11, among many are cases involving amplification of the pleading and not the introduction of a distinct new cause of action.

The clear distinction between an action in negligence and one founded on violation of a statute is manifest and this motion in effect is an effort to substitute the latter for the former as applied to an accident which occurred in 1909. Surely an action brought to-day on an accident in 1909 would be declared too late.

The court has no authority to grant the relief asked and the motion in that respect is denied.

Motion denied.