FLOYD KENT, Appellant, Respondent, *v.* ERIE RAILROAD COMPANY, Respondent, Appellant.

Fourth Department, May 3, 1922.

Railroads — negligence action against railroad — pleadings — original complaint alleged accident caused by unsafe handhold on car — amendment to allege violation of Federal Safety Appliance Act and that defendant was engaged in interstate commerce allowed.

In a negligence action against a railroad company, the plaintiff should be allowed to amend his complaint to allege that the cause of his injuries was the use by the defendant of a car not provided with secure handholds, in violation of the Federal Safety Appliance Act, and that, at the time of the accident, plaintiff and defendant were engaged in interstate commerce, where it appears that the original complaint alleged that the accident was caused by an unsafe handhold upon a car; that such has been plaintiff's claim upon several trials and that defendant's amended answer contains the precise allegation respecting interstate commerce, although the complaint as proposed to be amended does not allege that plaintiff was injured while coupling or uncoupling cars, as such allegations are but an amplification of the complaint to conform with the proof as developed upon former trials.

SEARS, J., dissents, with memorandum.

APPEAL by the plaintiff, Floyd Kent, from so much of an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 21st day of October, 1921, permitting plaintiff to serve an amended complaint, as denied plaintiff leave to incorporate in the said amended complaint the following allegations: " That said injury was due to and the proximate cause thereof was the use by defendant on its railroad of a car not provided with secure grab irons or handholds in the ends and sides for greater security to men in coupling and uncoupling cars, in violation of the provisions of the Federal Safety Appliance Act."

Appeal by the defendant, Erie Railroad Company, from the whole of said order, except the part thereof which denied the plaintiff leave to incorporate in said amended complaint the allegation above quoted.

*Williams, Minard & Williams* [*Hubert C. Minard* of counsel], for the plaintiff.

*Moot, Sprague, Brownell & Marcy* [*John W. Ryan* of counsel], for the defendant.

KRUSE, P. J.:

This is an appeal from an order which permits the plaintiff to amend his complaint in certain respects and refuses to allow him to amend it in certain other respects. The defendant appealed from that part of the order which permits the plaintiff to amend his complaint by increasing the demand for damages and alleging that the plaintiff and defendant were engaged in interstate commerce at the time of the alleged injury to plaintiff set forth in the complaint. The plaintiff appeals from that part of the order which denies leave to amend the complaint by stating that the " injury was due to and the proximate cause thereof was the use by defendant on its railroad of a car not provided with secure grab irons or handholds in the ends and sides for greater security to men in coupling and uncoupling cars, in violation of the provisions of the Federal Safety Appliance Act."

The original complaint alleged that the accident was due solely to the negligence of the defendant, and that such negligence consisted, among other things, in furnishing an unsafe and unsuitable and insecure handhold upon one of its cars. Such has been plaintiff's claim consistently upon the several trials which have been had. There never has been any uncertainty as to his claim upon the facts. The troubles in this litigation have arisen over questions of law. After the reversal by the Court of Appeals of the result of the first trial (*Kent* v. *Erie R. R. Co.*, 217 N. Y. 349), the defendant

amended its answer by alleging that the defendant was engaged in and the plaintiff employed by the defendant in interstate commerce at the time stated in the complaint, which is substantially the allegation which plaintiff now seeks to have inserted in his complaint and to which the defendant objects.

The second reversal (*Kent* v. *Erie R. R. Co.*, 228 N. Y. 94) was upon the ground that the trial court erred in applying section 64 of the Railroad Law of this State and in instructing the jury that the giving way of the handhold furnished, under that section, *prima facie* evidence of the defendant's negligence, the Court of Appeals saying in that connection: " Eliminating the erroneous instructions as to section 64 being applicable, there was nothing to justify a verdict in favor of the plaintiff, unless section 4 of the Federal Safety Appliance Act (Chap. 196, Act of Congress, March 2, 1893, as amended) applied,— a question which we do not now pass upon, since the court expressly charged the jury, to which no exception was taken, that section 4 had no application because the plaintiff, at the time the handhold gave way, was not engaged in coupling or uncoupling cars."

Upon the trial the question was raised and defendant now contends that the plaintiff's complaint is insufficient to admit evidence to show that the defendant's car from which the grab iron or handhold gave way was not provided with secure grab irons or handholds, as the act requires. (See 27 U. S. Stat. at Large, 531, chap. 196, § 4.)

The plaintiff, to avoid such question and in other respects amplify the complaint and make it conform to the plaintiff's claim as developed by the proof upon the former trial, made this motion to amend the complaint. The Special Term held that the allegation respecting interstate commerce was a mere amplification of the complaint and not a new cause of action, citing in support thereof *Seaboard Air Line* v. *Renn* (241 U. S. 290) and *Kinney* v. *New York Central R. R. Co.* (98 Misc. Rep. 11; affd., 177 App. Div. 948; 190 id. 967; affd., 231 N. Y. 578), but held, as regards the allegation respecting unsafe and insecure grab irons or handholds, that the effect of such allegation was to set up a new cause of action; and, furthermore, the Federal Safety Appliance Act was inapplicable because the plaintiff was not at the time engaged in coupling or uncoupling cars. (116 Misc. Rep. 550.)

I am of opinion that such allegation, as well as the allegation respecting interstate commerce, is but an amplification and expansion of the complaint, making it conform with the proof of plaintiff's claim as developed upon former trials. Under our system of pleading and procedure only a plain and concise statement of the

facts is required to be stated in the complaint. (Code Civ. Proc. § 481.) The law applicable need not be referred to. Any public statute or law applicable to the facts may be invoked. Here the original complaint, as well as the proposed amended complaint, states a single cause of action for personal injuries sustained by the plaintiff through the negligence of the defendant. The same identical cause of action is set forth in both the original and amended complaint. At most, the amended complaint states additional grounds to sustain the cause of action. For the purpose of establishing such cause of action he may state as many grounds as he has to sustain it. (*Payne* v. *N. Y., S. & W. R. R. Co.*, 201 N. Y. 436; *Marion* v. *Coon Construction Co.*, 216 id. 178, 180.)

The allegation respecting interstate commerce is precisely as alleged in the defendant's answer, and as regards the furnishing of a car with insecure grab irons or handholds, the allegation is consistent with plaintiff's claim and proof made upon the several trials which have been had and in harmony with the allegation of the original complaint respecting the furnishing insecure, unsafe and unsuitable handholds upon one of its cars.

Indeed, I am inclined to the opinion that the allegation of the original complaint in this regard is sufficient to admit proof of facts showing a violation of the Federal Safety Appliance Act, if the act applies. But in view of the objections of the insufficiency of the complaint, and to avoid any such question, and to make it clear and certain that such is the claim of the plaintiff, the amendment is proper. It is true that the complaint as proposed to be amended does not now allege that the plaintiff received the injury while engaged in coupling or uncoupling cars.

It has, however, been held by the Federal Supreme Court " that carriers are liable to employees in damages whenever the failure to obey these Safety Appliance Laws is the proximate cause of injury to them when engaged in the discharge of duty," although the injured employee may not, at the time he is injured, be engaged in the act of coupling or uncoupling cars. (*Louisville & Nashville R. R. Co.* v. *Layton*, 243 U. S. 617.) This ruling is not expressly overruled by *Lang* v. *New York Central R. R. Co.* (227 N. Y. 507; affd., 255 U. S. 455.) The decision in the *Lang* and kindred cases, holding the Federal Safety Appliance Act inapplicable, seems to be placed upon the ground that there was no causal connection between the violation of the Federal Safety Appliance Act and the injury complained of. Until the doctrine of the *Layton* case is overruled I think we should follow it.

Whether the location or use of the handhold was such as to

bring it within the provisions of the Federal Safety Appliance Act must be determined upon the proof at the trial. If it was, and the injury was the direct and proximate cause of the failure of the railroad company to comply with the provisions of the act, the rule of the *Layton* case should be applied.

The order, so far as it refuses to permit the complaint to be amended respecting the unsafe and insecure grab irons or hand-holds, should be reversed and the complaint permitted to be amended as proposed by the plaintiff, and as so modified, the order should be affirmed, with ten dollars costs and disbursements to the plaintiff.

All concur, except SEARS, J., who dissents in a memorandum.

SEARS, J. (dissenting):

I favor affirmance for the following reasons:

*First.* In my opinion the proposed amendment attempts to set up a new cause of action under the Federal Safety Appliance Act (*Ward* v. *Erie Railroad Co.*, 230 N. Y. 230), but the plaintiff is not within the class protected by section 4 of the Federal Safety Appliance Act (27 U. S. Stat. at Large, 531) in question, and, therefore, the amendment should not be allowed.

The Supreme Court of the United States seems to differentiate between accidents resulting from a failure to provide a coupler which will function in coupling or uncoupling without requiring the presence of an operator between the cars and which will also be effective as a connecting link between cars, and accidents having no relation to these operations and functions of the coupler. In the former class of accidents all employees are protected. (*Louisville & Nashville R. R. Co.* v. *Layton*, 243 U. S. 617.) In the latter the statute is not applicable. (*Lang* v. *New York Central R. R. Co.*, 255 U. S. 455, affg. 227 N. Y. 507; *St. Louis & San Francisco Railroad* v. *Conarty*, 238 U. S. 243.) *Ward* v. *Erie Railroad Co.* (230 N. Y. 230) falls within the former of these two classes. The instant case falls within the latter for the plaintiff's injuries arose from a cause entirely unconnected with the operation of a coupler.

*Second.* If the amendment be held not to attempt to set up a cause of action under the Federal Safety Appliance Act, but merely to amplify the allegations of negligence, the plaintiff is in no better position. Here again only those for whose protection the statute was enacted can claim its benefits. (*Di Caprio* v. *New York Central R. R. Co.*, 231 N. Y. 94; *Lang* v. *New York Central R. R. Co.*, *supra.*) The plaintiff, as pointed out above, is not within the protected class.

The application to amend was, therefore, properly denied.

Order, so far as it refuses to permit the complaint to be amended respecting the unsafe and insecure grab irons or handholds, reversed, and complaint permitted to be amended as proposed by the plaintiff, and as so modified the order is affirmed, with ten dollars costs and disbursements to the plaintiff.