### LEUTHE v. ERIE R. CO.

District Court, W. D. New York.
Sept. 23, 1935.

Searl & McElroy, of Syracuse, N. Y., for plaintiff.

Moot, Sprague, Marcy, Carr & Gulick and David L. Landy. and William L. Marcy, Jr., all of Buffalo, N. Y., for defendant.

RIPPEY, District Judge.

Decision has been reserved upon motions made by the defendant (1) to dismiss the complaint for want of proof; (2) for a direction of verdict for the defendant; and (3) for a new trial upon the grounds stated in section 549 of the New York Civil Practice Act.

At the close of the case, the court submitted to the jury specific questions, all of which were answered in favor of 'the plaintiff. There was evidence in the case as to the effect of which reasonable minds might differ and evidence which opened a field for conflicting inferences. The testimony, other than the medical testimony, upon which plaintiff must rely for recovery, was largely that given by himself. If believed, the testimony was sufficient to warrant the conclusions of the jury. His credibility was, of course, a question for the jury to pass upon and not a question for the court. Under such circumstances, the motions for nonsuit and for direction of verdict must be denied. McDonald v. Met. St. Ry. Co., 167 N. Y. 66, 60 N. E. 282.

Defendant insists that there was no evidence upon which plaintiff could go to the jury upon a question as to whether he was engaged in interstate commerce at the time of the accident. The court charged the jury on the facts, but the jury was not bound by any limitations as to what the facts were or as to what inferences should be drawn from the facts. Nevertheless, the charge of the court taken as a whole indicated to the jury that it was their exclusive province to determine what the facts were and what inferences might be properly drawn therefrom. The charge to the effect that the word "Boston" marked upon the car of hogs in and by itself would be insufficient evidence to enable the jury to determine that that car was transporting an interstate commodity was limited and was not intended to, nor could it be understood to, have excluded from the jury a consideration of other testimony in the case which, even though conflicting, indicated, if credible, that the car had its origin outside of the state of New York, and made a temporary stop because of some crippled condition or for feeding of the hogs in the process of getting the commodity to its final destination, and that it was destined for a point outside of the state. Under the Safety Appliance Act (45 USCA § 1 et seq.), defendant being an interstate carrier, the plaintiff was protected from injury through the defective coupling whether the car on which the coupling was located was, at the moment, being shifted in local commerce or in or in conjunction with interstate commerce, and it is immaterial what the destination of the Wabash car may have been. Texas & Pacific Ry. Co. v. Rigsby, 241 U. S. 33, 36 S. Ct. 482, 60 L. Ed. 874; Ward v. Erie Railroad Co., 230 N. Y. 230, 232, 129 N. E. 886, certiorari denied 256 U. S. 696, 41 S. Ct. 536, 65 L. Ed. 1176; Carey v. N. Y. C. R. R. Co., 250 N. Y. 345, 355, 165 N. E. 805. The plaintiff was not limited to recovery for injuries received by virtue of the defective coupling to

the provisions of the New York State Workmen's Compensation Act (Consol. Laws, c. 67). Ward v. Erie Railroad Company, supra. We cannot agree that the decision in Gilvary v. Cuyahoga Valley Railway Co., 292 U. S. 57, 54 S. Ct. 573, 575, 78 L. Ed. 1123, upon which the defendant relies, holds to the contrary. At the close of the opinion, Mr. Justice Butler stated that the Safety Appliance Acts (45 USCA § 1 et seq.) "do not extend to the field occupied by the State Compensation Act." This broad statement was not necessary to the decision. The sole point decided or open for decision in that case was whether or not an employee who had elected as a condition of his employment to limit his remedy to the Ohio State Compensation Law, was bound by that election. The Supreme Court held that he was.

■ Under the Federal Employers' Liability Act (45 USCA § 51 et seq.), Congress limited the protection of the employee by the nature of the service at the time of injury. Carey v. N. Y. C. R. R. Co., supra. An important question of fact in the case at bar was whether or not plaintiff was, at the time of injury, engaged in interstate transportation or in work so closely allied to it as to be practically a part of it. The plaintiff was a conductor in charge of a train crew in defendant's yard at Buffalo, N. Y. There was a main lead line and a number of switches connected with it, and a string of fifteen cars was blocking the lead. Plaintiff was instructed to move these cars and get a car of hogs on one of the switches, and, while attempting to couple an empty with a defective coupler to the car of hogs, received the injuries of which he complains. The movement of the empty car or the string of fifteen cars in which plaintiff was engaged was a necessary part of the placing of the interstate cars of hogs on the proper track for forwarding, after it had been temporarily placed upon a track designed for use for temporary repairs, and after the necessary feeding of the hogs before they proceeded to their destination. The facts are clearly distinguishable from the facts in the case of Wise v. Lehigh Valley Railroad Company (C. C. A.) 43 F.(2d) 692, where the movement of the empties was an independent movement outside of interstate commerce to a place where they would be out of the way; they were unaffected by the movement of the interstate flour cars; and their movement was not necessary to facilitate the movement of such interstate cars.

■ Thus the plaintiff was entitled to go to the jury under the provisions of the Safety Appliance Act (45 USCA § 1 et seq.), as well as under the provisions of the Federal Employers' Liability Act (45 USCA § 51 et seq.). The case presenting questions of fact for the jury, it is not the province of the court to substitute its opinion of what the facts were or what the facts established. It cannot be said that the verdict was contrary to or against the weight of the evidence. The jury rendered a verdict of $15,333 for the plaintiff. This was rendered upon conflicting testimony as to the extent, character, and permanency of the injuries received. The jury was evidently impressed with the testimony tending to establish a permanent injury. Upon a careful review of the evidence, it cannot be said that the verdict is grossly excessive, was the result of passion or prejudice, or so out of proportion to the injury as to warrant a trial court in interfering with it.

It follows that the motion for a new trial under the provisions of section 549 of the Civil Practice Act, as well as the motions for dismissal and for direction of the verdict, must be denied, and it is so ordered.