KARYOL BALSER, an Infant, by JOHN C. BALSER, Her Guardian ad Litem, Appellant, *v.* GEORGE J. GAMMEL and Others, Doing Business under the Firm Name and Style of NEW ARIEL THEATRE, Respondents.

JOHN C. BALSER, Appellant, *v.* GEORGE J. GAMMEL and Others, Doing Business under the Assumed Name and Style of NEW ARIEL THEATRE, Respondents. (257 App. Div. 912.)

Fourth Department, May 10, 1939.

*George E. Phillies* [*Philip Halpern* of counsel; *Milton H. Friedman* with him on the brief], for the appellants.

*Harold J. Adams* [*Percy R. Smith* of counsel], for the respondents.

PER CURIAM. The infant plaintiff, who was under fourteen years of age, danced in a public exhibition on the stage of the motion picture theatre operated by the defendants. She gave one dancing performance and changed her costume in preparation for another. As she was descending the stairs on her way to the dressing room she lost her balance and fell to the bottom of the stairs and was injured.

There are two causes of action set up in the complaint, one based upon a violation of the Labor Law (§ 130) and the Penal Law (§ 485) and the other based upon the negligence of the defendants. The court dismissed the statutory cause of action and submitted to the jury the cause of action based upon negligence. As to the latter the jury returned a verdict of no cause of action. These sections of the Labor Law and the Penal Law must be read together and effect given to both. (*Redfield* v. *Critchley*, 277 N. Y. 336, 340.) When so construed it is apparent that the Labor Law was intended to apply to work in a theatre as distinguished from an exhibition therein, and the provisions of the Penal Law were intended to apply to theatrical exhibitions. Assuming that the defendants violated the law it was a violation of the Penal Law in permitting the infant plaintiff to dance in a public exhibition in their theatre.

The defendants are not liable in a civil action for a violation of this provision of the Penal Law unless the particular hazard, against which the statute was intended to guard, is the cause of the injury. (*Lang* v. *N. Y. Central R. R. Co.*, 227 N. Y. 507; affd., 255 U. S. 455; *Brown* v. *Shyne*, 242 N. Y. 176; *Boronkay* v. *Robinson & Carpenter*, 247 id. 365; *DiCaprio* v. *N. Y. Central R. R. Co.*, 231 id. 94.)

The section of the Penal Law under consideration prohibits a child of tender age from dancing in a public exhibition because it might prejudice " the physical condition of the child." (*People* v. *Ewer*, 141 N. Y. 129, 134.) The infant plaintiff was not injured while dancing. Consequently, any violation of the Penal Law by the

defendants was not the proximate cause of her injuries. (*Lang* v. *N. Y. Central R. R. Co., supra; Brown* v. *Shyne, supra; Boronkay* v. *Robinson & Carpenter, supra; DiCaprio* v. *N. Y. Central R. R. Co., supra.*)

The section of the Penal Law under consideration does not prohibit generally the employment of children in places considered dangerous or in a theatre. It prohibits a public dancing exhibition and other performances by children. The act of the infant plaintiff in descending the stairs and not her dancing exhibition was the immediate cause of the accident.

We believe that the statutory cause of action was properly dismissed by the trial court and we do not find any error in the trial or submission to the jury of the other cause of action. The verdict of the jury is not against the weight of the evidence.

The judgment should be affirmed, with costs.

All concur. Present — SEARS, P. J., CROSBY, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Judgment affirmed, with costs. (See 257 App. Div. 912.)